## STATE *v.* ROBERT P. LOWRY.

Where, upon the trial of an indictment in the court below, the jury return a special verdict, which is so defective that no judgment can be pronounced thereupon, this court will order a new trial.

*Therefore* where A was indicted for retailing spirituous liquors by measure less than a quart without license, and the jury returned a special verdict finding "that the defendant was not a regular dealer in spirituous liquors, but that he made wine of blackberries, in the usual way, without adding brandy or whisky thereto, and being of the opinion that wine so made was not a spirituous liquor, retailed the same in quantity less than a quart without license, &c. If the court should be of the opinion that wine so made was a spirituous liquor, then the jury find the defendant guilty; otherwise, not guilty:" *Held,* that whether the particular wine was a spirituous liquor, was a question of fact, for the decision of the jury, and that the jury had no right to refer the same to the court for decision.

INDICTMENT for retailing spirituous liquors in quantity less than a quart, without license, tried before his Honor Judge

*Watts*, at Fall Term, 1875, of the Superior Court of WAR—REN county.

The jury returned the following special verdict:

That the defendant was not a regular dealer in spirituous. liquors, but that he made wine from blackberries, in the usual way, without adding brandy or whisky to the wine in the making; that the defendant was a shoemaker, and used a house on the side of the public road as his place of business; that he kept a barrel of blackberry wine in this shop, from which he retailed to one Charles Fisher, without license to retail spirit-uous liquors by the measure less than a quart, and from which he retailed in the same way to various persons, being of the opinion that blackberry wine was not spirituous liquor. The jury not knowing whether blackberry wine made in this way is spirituous liquor or not, submitted that question for the decision of the court. If the court be of opinion that black-berry wine is spirituous liquor, then we find the defendant guilty. If the court be of the opinion that blackberry wine is not spirituous liquor, then we find the defendant not guilty.

Upon this special verdict the court rendered judgment of not guilty, and thereupon the State appealed.

*Attorney General Hargrove*, for the State.
No counsel in this court, for the defendant.

RODMAN, J. If the question presented by the case was the general one, whether, what is called blackberry wine always. or usually contains alcohol, and so would come under the head of spirituous liquors, it would be a question of fact on which we could give no decision. We may be allowed to assume as matter of common knowledge, that when first pressed from the berries it contains no alcohol. After it has remained a certain time, the length of which depends on the temperature and perhaps on other causes, it will, especially if the berries were fully ripe, or if sugar has been added, undergo a fer-

mentation by which alcohol is generated, and after a certain longer time it may undergo another fermentation in which the alcohol will be converted into vinegar. So that whether at any given time alcohol is present is a question of fact to be determined by some of the tests known to scientific men or by evidence of its effects in producing intoxication and the like. But the question which the jury had to decide and which they referred to the Judge, and which he decided as one of law,. was not the general one, but whether the particular liquid which the defendant retailed contained a sufficient amount of alcohol to be perceptible to the taste or smell or to manifest itself by its effects, in which case it would be properly called a spirituous liquor. This clearly is a question of fact and not law. We do not think the Legislature intended to include under " spirituous liquors," every liquor which contains the. least alcohol, for that would include cider which has begun to get hard; and many extracts usually sold by druggists as per-- fumes or medicines, which have not been usually considered as spirituous liquors so as to require the druggist to take out a retailer's license before selling them. The phrase " spirit- uous liquors " is not a technical term. It must receive the meaning usually given to it among people in general. Its meaning should not be sought to be extended to embrace more cases than the Legislature probably had in view, upon any notion of benefitting the public revenue by taxing the inno- cent beverages of the people, the trifling accessories of ladies' toilets, or the medicines of the sick. When the Legislature designs to tax the sale of these things, it will have no difficulty in finding clear words to include them.

The verdict is imperfect, and we can give no judgment on it. There must be a *venire de novo*. Let this opinion be cer- tified.

PER CURIAM.                                  *Venire de novo.*