STATE v. BENJAMIN BLUE.

*Special Verdict—Criminal Intent.*

In a special verdict in a criminal prosecution, all the facts necessary to
constitute the offence charged must be fully and explicitly stated;
*therefore* a special verdict which fails to find the *criminal intent* is fa-
tally defective, and will be set aside and a new trial granted.

(*State* v. *Curtis*, 71 N. C., 56; *State* v. *Moore*, 7 Ired., 228; *State* v. *Wal-
lace*, 3 Ired., 195; *State* v. *Lowry*, 74 N. C., 121, cited and approved.)

INDICTMENT for False Pretence, tried at Fall Term, 1880,
of CUMBERLAND Superior Court, before *Avery, J.*

The defendant was charged with obtaining goods by a
false pretence. The jury returned the following special
verdict: "The defendant entered into an agreement with
the prosecutor, Worrell, last spring to chip a crop of turpen-
tine boxes. A crop of turpentine boxes consists of from ten
thousand to twelve thousand trees. At the end of the week
after the agreement was made, the defendant represented to
said Worrell that he had chipped a crop of boxes, and by

means of that representation obtained rations of meat and molasses worth two dollars. A crop of boxes is the usual task of a laborer for a week, and the prosecutor had agreed to pay two dollars in rations as each crop was finished. On inspection the next week by the prosecutor, it was found that in fact the defendant had not chipped a crop of boxes, and that his representation that he had was false. And one Broadfoot, agent of the prosecutor, also ascertained on examination the next week after the rations were furnished, that the defendant had chipped some trees along two roads well, and had chipped others situated off the public roads badly and imperfectly, and had not chipped altogether a crop of trees. The prosecutor could have inspected a crop of boxes in two hours. He had other laborers employed who were chipping in the aggregate fifteen thousand boxes every week, and the turpentine trees chipped were scattered over a space of ten miles. The prosecutor had one agent, (Broadfoot) who could have inspected the boxes, and who did inspect those chipped by the defendant after he obtained the meat, &c. Either the prosecutor or his agent could have ascertained by examining the trees that the said representations by the defendant were false."

" If upon the foregoing statement of facts the court be of opinion that defendant is guilty, then the jury say he is guilty, but if upon said statement the court holds that defendant is not guilty, then the jury find he is not guilty."

The court held that defendant was not guilty, and from this ruling, *McIver*, solicitor for the state, appealed.

*Attorney General*, for the State.
Messrs. *Z. B. Newton* and *W. A. Guthrie*, for defendant.

ASHE, J. The special verdict found in this case is defective, and the facts found by the jury are not sufficient to warrant any judgment thereon. The judgment therefore

pronounced by the court that the defendant was not guilty is erroneous.

In judging upon a special verdict the court is confined to the facts expressly found, and cannot supply the want thereof as to any material part, by an agreement or implication from what is expressly found. And when the facts are of an equivocal character which may mean one thing or another, the court cannot determine as a question of law the guilt or innocence of the defendant. 2 Hawkins P. C., 622; *State* v. *Curtis*, 71 N. C., 56.

The verdict simply finds that the representation made by the defendant that he had chipped a "crop of boxes was false," but does not find the *intent* with which the statement was made. That was a material inquiry and a question of fact that should have been found by the jury. The *intent* to cheat and defraud the prosecutor is an essential ingredient in the crime of false pretence. The verdict should have found that fact distinctly, the one way or the other; either that defendant made the false representation with intent to cheat, or that he made the statement under an honest conviction of its truth. If it had done so, then the judge could have pronounced judgment of guilty or not guilty according to the finding. "A special verdict is in itself a verdict of guilty or not guilty as the facts found in it do or do not constitute in law the offence charged. There is nothing to do but to write a judgment thereon for or against the accused." *State* v. *Moore*, 7 Ired., 228. Therefore in finding a special verdict the facts should be stated fully and explicitly, and the omission of any fact necessary to constitute the offence is fatal. The practice is, when the verdict is insufficient, insensible, or in violent antagonism to the evidence, to set it aside and grant a new trial. 3 Whar. Cr. L., § 3188; *State* v. *Curtis, supra; State* v. *Wallace,* 3 Ired., 195; *State* v. *Lowry,* 74 N. C., 121.

There is error.   Let this be certified to the superior court of Cumberland county that a *venire de novo* may be awarded.

Error.                                        *Venire de novo.*