MOSES MITCHELL v. ANDERSON BROWN.

*Pleading—New Trial—Inconsistent Verdict.*

1. A pleading containing a denial—that every allegation of the opposité party "is corruptly false"—should not be received. The court condemn the use of the offensive languge, and say that the pleading should have been removed from the files and reformed, according to the established rules.

2. Where the verdict upon the several issues submitted is inconsistent, a new trial will be ordered.

EJECTMENT tried at Spring Term, 1882, of IREDELL Superior Court, before *Eure, J.*

The plaintiff appealed.

*Messrs. Reade, Busbee & Busbee,* for plaintiff.
*Mr. D. M. Furches,* for defendant.

SMITH, C. J.   The complaint alleges the plaintiff to be owner and entitled to the possession of three contiguous tracts of land, each of which is particularly defined and described, containing in the whole one hundred and nineteen acres, and unlawfully withheld by the defendant, and asserts his right to recover the same with compensation for detention and waste committed.

The answer admits the defendant to be in possession of a part only of the land embraced in the plaintiff's boundaries, and, denying his title thereto, avers the same to belong to his father,

Henry Brown, who let him into possession, and under whom he holds as tenant.

The plaintiff put in a replication·in denial of the allegations in the answer, and declaring that the statements contained in the second clause thereof, except as to the tenancy, are false, "and that every other part of the defendant's answer is corruptly false."

We reproduce this language imputing, in direct terms, the commission of perjury by the defendant, to mark our emphatic condemnation of its use in a pleading which ought to contain simple allegations or denials expressed in decorous terms and not be employed to give utterance to personal ill-will, or to make slanderous imputations. If this be tolerated, as crimination invites and provokes recrimination, the record may become the vehicle of personal abuse instead of being, as it is intended to be, a plain narrative of judicial action in a cause. The replication ought not to have been received with this offensive language, or, when discovered, should have been removed from the files until reformed and made consistent with the rules of pleading as prescribed in the Code; nor, we may add, do such accusations add to the force of a plain and simple statement of fact.

The defendant, at fall term, 1881, obtained leave to amend his answer, and made the amendment to the succeeding term, when the cause was tried. The amendment in substance alleges the prosecution of a former action by the defendant's lessor against the present plaintiff, in which, upon the pleadings, the title to the land now in suit was claimed by him and put in issue, and the finding upon the issue was against him, and thus upon the judgment rendered thereon the matter became *res adjudicata,* operating as an estoppel on the said Mitchell in respect to the title.

The issues submitted to the jury and their responses thereto are as follows:

1. Is the plaintiff the owner of and entitled to the possession of the land described in his complaint? Ans.—Yes.

2. Is the southern boundary of the plaintiff's land on the

line represented in the plat from figure 8 to 7; or is it from 4 to 6; or if not at either, where is it?   Ans.—At the dotted line.

3. Is the land in controversy in this action, and no other, the same that was in controversy in the action of Henry Brown against Moses Mitchell, Gabriel Mitchell, Mexico Mitchell and Doctor Mitchell, tried at fall term, 1874, of Iredell superior court?   Ans.—The same land, 1874.

Upon these findings, the plaintiff demanded judgment, which being refused and judgment rendered for the defendant, the plaintiff appealed.

We do not see the necessity for submitting a distinct issue as to the estoppel, since the defence could have been made under the first issue, and the record could have been used as evidence to show title of the plaintiff, and in answer to his claim of ownership.   If his estate has been divested and transferred, whether by his own act of conveyance, or a sale under execution *in invitum*, or by this adjudication, the evidence in either case, and for the same reasons, would disprove the allegation of title in the plaintiff and lead to an adverse verdict upon that issue.   The verdict, however, upon it is, that the plaintiff has title to all the land mentioned in his complaint, of which it is admitted in the answer this in dispute forms part, while the verdict upon the last issue identifies this part with that to which the defendant's lessor had before established title to be in himself by the adjudication; and thus an irreconcilable repugnancy exists between these findings.   There is but one course to pursue, and we must set aside the inconsistent verdicts and order a new trial of all the issues.   It is so ordered.   Let this be certified.

Error.                                        *Venire de novo.*