## STATE v. WILLIAM BRAY.

*Special Verdict—Larceny—Intent must be found.*

1. A special verdict must find, as a fact, the intent with which the offence charged was committed, in cases where the intent is an ingredient of the offence.

2. Where a special verdict is defective, a *venire de novo* will be awarded.

(*State* v. *Blue,* 84 N. C., 807, and cases there cited; *State* v. *Watts,* 10 Ired., 369, cited and approved).

INDICTMENT for larceny tried at Fall Term, 1883, of ORANGE Superior Court, before *MacRae, J.*

The jury found a special verdict, in substance as follows: George Piper, the prosecutor, was the owner of the piece of mutton alleged to have been stolen by the defendant, and the defendant came to his wagon in the town of Hillsboro and took up the mutton, saying it was for Mrs. Webb, "I will take it to her and be back with the money in five minutes." He went off with it; did not carry it to Mrs. Webb, but converted it to his own use; did not bring back the money, nor pay for the mutton. Mrs. Webb gave the defendant no authority to buy it for her. The defendant afterwards returned and told the prosecutor the mutton was for his own use, and he would pay for it. Thereupon the court held that the defendant was not guilty, and the state solicitor appealed.

*Attorney-General,* for the State.
*Mr. A. W. Graham,* for defendant.

MERRIMON, J. The special verdict in this case is defective in a material respect, and the court is, therefore, unable to determine, upon the facts found, whether in law the offence charged in the indictment was committed or not.

In every special verdict, the jury must find all the facts essential to constitute the offence charged in the indictment. The

court cannot supply facts, nor draw inferences from evidence set forth in the verdict: it must say upon the facts found that in law they constitute or do not constitute the offence charged, and thereupon the verdict of the jury is entered in accordance with the opinion of the court.    When the special verdict is thus defective, the court will direct a *venire de novo*.    State v. *Wallace*, 3 Ired., 195; *State* v. *Curtis*, 71 N. C., 56; *State* v. *Long*, 74 N. C., 121; *State* v. *Blue*, 84 N. C., 807.

The special verdict in this case is defective, in that the *intent* is not found as a fact.    There may be evidence of intent, but the fact is not found by the jury.    In larceny, the intent is an essential ingredient: the taking must be *felonious*, that is, done *animo furandi*, and there is no larceny without such intent.    And this material fact must be found in the special verdict—not simply *evidence* from which the intent may be inferred.    The jury must find the fact from the evidence before them, and the intent is a question for the jury.    Arch. Cr. Pl., 172; *State* v. *Watts*, 10 Ired., 369; *State* v. *Curtis, supra.*

Whether, if the fact of *felonious* intent were found in the special verdict, the facts would constitute the offence of larceny, or the offence of obtaining goods by false pretence, or some other offence, is not a question we are now called upon to decide.

There is error.    The judgment must be reversed, the special verdict set aside, and a *venire de novo* awarded, and it is accordingly so ordered.

Error.                                          *Venire de novo.*