## STATE v. MARTIN PHIFER.

*Indictment for burning warehouse—Intent must be charged and proved.*

1. In an indictment for burning a warehouse under THE CODE, §985, sub-div. 6, the intent to injure the owner is made an ingredient of the offence and must be charged and proved; it was therefore error in the court not to submit the question of intent as one of fact to the jury.

2. There is a presumption of law that one intends the natural consequences of his act, but this establishes only a *prima facie* case against the accused, and throws the burden of proof upon him to rebut the presumption.

(*State* v. *Jaynes*, 78 N. C., 504: *State* v. *Blue*, 84 N. C., 807, cited and approved).

INDICTMENT for burning a warehouse tried at Spring Term, 1884, of MECKLENBURG Superior Court, before *MacRae, J.*

46

This prosecution was commenced in the inferior court of Mecklenburg county, and the defendant is charged with burning a warehouse, the property of Springs & Burwell, in violation of THE CODE, §985, sub-div. 6. The defendant was convicted, and from the judgment pronounced appealed to the superior court, .and the only exception there relied upon was that which was taken to the charge to the jury in the inferior court.

On the trial in the inferior court, the defendant asked this .instruction: "That in order to convict the defendant, the jury must be fully satisfied, not only that he set fire to the warehouse, but that he did it with the intent to injure Springs & Burwell "; and the instruction given was: "This is true, but if the jury find that the defendant set fire to the warehouse purposely, the law presumes that every man intends the natural and necessary consequences of his own acts; and if he set fire to the warehouse and an injury to Springs & Burwell was the natural and necessary consequence of his act, the law presumes that he intended injury to them." The defendant excepted upon the ground that the statute required the intent to be charged (and this indictment charges that the offence was committed "with intent &c."), and insisted that whatever is necessary to be alleged it is necessary to prove; and if necessary to be alleged and proved, it was a question for the jury, and the court had no right to withdraw its consideration from the jury and decide it as a question of law in any state of the facts of the case.

Attorney-General, for the State.
No counsel for defendant.

ASHE, J. When the case was brought to a hearing in the superior court, His Honor held that "while the statute was intended to reach certain cases which were deemed not to be sufficiently provided for by law, it was not meant to repeal the old established rule of law raising a presumption that one intends the necessary consequences of his own act, and if the jury find

that the defendant wilfully burned the warehouse, there is a pre-sumption both of law and fact that it was with the intent to injure the owners, and it was proper the court should so instruct the jury."

But the inferior court did not so instruct the jury, and in that consisted the error complained of by the defendant. The question presented by the record is, was there error in the charge given to the jury in the inferior court?  We are of the opinion there was, for the reason that the court did not submit the question of intent, as one of fact, to the jury; and the superior court was in error in not reversing the judgment of the inferior court.

As a general proposition, it is true there is a presumption of law that every man intends the natural consequences of his acts, but this presumption has no other or greater effect than to estab-lish a *prima facie* case against the defendant, and throw upon him the burden of proof. In the absence of opposing proof, the jury are bound by it. But when there is opposing proof it is a question for the jury to decide whether the presumption is rebut-ted. And here there was some evidence of that character, and in this respect the case at bar differs from that of *State* v. *Jaynes*, 78 N. C., 504, which was relied upon by His Honor to support his judgment in the superior court.

The confessions of the defendant were offered in evidence by the state, to the effect that he had stolen some cotton from the factory, and that he had set fire to the warehouse to prevent the detection of his theft. It was some evidence tending to rebut the *presumption of law* that the defendant burned the warehouse with intent to *injure* or *defraud* Springs & Burwell, and directly raised the question of intent, which was one of fact that should have been left to the jury. And especially must it be so, when the intent, as in this case, is made by statute an ingredient of the offence.

The intent then becomes a material fact, which must not only be charged, but proved, either by direct testimony or by circum-stances from which the fact may be inferred by the jury.

If there had been, in this case, a special verdict, and the jury had found the burning without finding the intent to injure or defraud Springs & Burwell, the verdict would have been fatally defective, and a *venire de novo* would have been awarded. It was so held in the case of *State* v. *Blue*, 84 N. C., 807, which was an indictment for obtaining goods by false pretence under Battle's Revisal, ch. 32, §58, and the jury failed to find the intent with which the false representation was made. The court held the intent to *cheat* and *defraud* was an essential ingredient of the crime, and was a material fact which should have been found by the jury, and for the want of such finding a *venire de novo* was awarded.

. There is error. The judgment of the superior court of Mecklenburg county is reversed. Let this opinion be certified to that court, that it may be certified to the inferior court of that county, to the end that a *venire de novo* may be awarded.

Error.                                                     *Venire de novo.*