*J. M. TURRENTINE v. THE RICHMOND & DANVILLE RAILROAD COM-
PANY.

### *Contributory Negligence—Issues.*

1. Where issues are framed in such a manner that the material facts of the case as found by the jury are confused and unsatisfactory, the verdict should be set aside and a new trial ordered.

2. In an action against a Railroad Company for an injury to the plaintiff, resulting from its negligence, although the plaintiff shows negligence on the part of the defendant, he cannot recover, if by reasonable care and attention on his part, he could have avoided the injury.

3. Mere negligence or want of ordinary care will not, however, bar the plaintiff's recovery, unless it is such that but for that negligence the misfortune would not have happened ; nor if the defendant might by the exercise of care on his part, have avoided the consequence of the plaintiff's negligence.

(*Gunter* v. *Wicker*, 85 N. C., 310 ; *Owens* v. *The Railroad*, 88 N. C., 502 ; *Farmer* v. *The Railroad, Ibid.*, 564 ; *Aycock* v. *The Railroad*, 89 N. C., 321 ; *Bank* v. *Alexander*, 84 N. C., 30 ; *Mitchell* v. *Brown*, 88 N. C., 156, cited and approved).

CIVIL ACTION, tried before *MacRae, Judge,* and a jury, at Spring Term, 1884, of MECKLENBURG Superior Court.

The complaint charges that the plaintiff, as route agent in the service of the post office department, and in charge of the mails on the defendant's train, in passing between Charlotte and Danville, in the latter part of November and early in December, 1877, in consequence of the insufficient warming of the room in the car assigned him, became violently ill and lost his power of speech, and in this action he claims reparation in damages for the consequences of the negligence and inattention of the company and its employees. The answer denies the imputed neglect, and avers that while the room occupied by the plaintiff for official purposes, was kept warm and comfortable during the severe cold weather that prevailed at the time stated, the injury to the plaintiff's health and physical condition was the result of his own

*MERRIMON, Judge, did not sit on the argument of this cause, having been of counsel.

imprudence in opening the outer door of the room for the delivery and reception of mail-bags in his night excursions along the route on his return to Charlotte, in which currents of cold air would enter, accelerated in volume and force by the rapidly moving train; and the want of proper precaution for his own protection from the effects. The answer also charges that his intemperate habits, and self-exposure in passing from the train, at midnight, on its arrival at Charlotte, to his own house, and other misconduct on his part contributed to bring on the physical condition from which he suffered, and which, with proper care for his own person, might have been avoided. Upon these controverting allegations, issues were drawn and submitted to the jury which, with their responses, are as follows:

I. Did the defendant negligently fail to provide a car properly heated for the accommodation of the plaintiff, as route agent in charge of the United States mails from Charlotte to Danville on the 27th, 29th and 30th of November, and on the 1st of December, 1877, or on either of said days? Answer—Yes.

II. If so, was the plaintiff injured thereby as charged in the complaint? Not as charged.

III. What damage has the plaintiff sustained by reason of the injury resulting from such negligence, if any? Answer—Twenty-five hundred dollars.

IV. Did this negligence produce the injury to the plaintiff, or was it only the partial cause of the injury? Answer—Partial cause.

The plaintiff moved that the verdict be set aside, and a new jury ordered, on the ground that the findings were inconsistent and insensible. This was refused and judgment rendered for the defendant, the court expressing the opinion that as the jury had found that the company was negligent in failing to provide a car properly heated for the plaintiff's use, and that this negligence was only a partial cause of the plaintiff's loss of voice, other causes having been set up in the evidence, it was impossible to apportion the damages resulting therefrom. The plaintiff appealed.

*Mr. W. P. Bynum,* for the plaintiff.

*Messrs. D. Schenck* and *Reade, Busbee & Busbee,* for the defendant.

SMITH, C. J. (after stating the facts as above).   We have not adverted to the numerous exceptions scattered along the way in the progress of the trial to the admission of evidence the jury were allowed to hear, nor have we given more than a summary statement of the matter in controversy, since the response of the jury to the inquiries they were directed to make, furnish sufficient reason without an examination of the other errors assigned, for reversing the judgment and submitting to another jury, issues put in a form that will elicit the information needed in determining the case upon its merits.   The present findings do not enable the court to see whether there was that concurrent negligence of the plaintiff, which, associated with that of the defendant, brought about the injury, and in consequence denies him redress.   The proper inquiry was not only as to the defendant's neglect in warming the car used by the plaintiff, but whether the plaintiff himself, by the want of proper care and attention, such as a prudent man would and ought to take for his own safety against the effects of being in an unwarmed room, did not bring the injury on himself or directly, by his own neglect, contribute to it.   If he did, he is not entitled to recover, under the established rule, that notwithstanding the previous negligence of the defendant, the plaintiff cannot maintain his action when, in the exercise of reasonable care and attention on his own part, he might have avoided the injury sustained.

To illustrate the proposition of law in its application to the present case.   If the plaintiff, entering the car and finding it not warmed, neglected to provide adequate clothing for such an atmosphere, and recklessly and needlessly exposed his insufficiently clothed person to blasts of cold air, and this was the direct and immediate cause of his injury, he could not hold the defendant responsible for consequences that proceed directly from

himself and his own indifference. The question for the jury, in the words of an eminent English Judge, is " whether the damage was occasioned entirely by the negligence or improper conduct of the defendant, or whether the plaintiff himself so far contributed to the misfortune, by his own negligence or want of ordinary and common care and caution, that but for such negligence and want of ordinary care and caution on his part, *the misfortune would not have happened.* In the first place the plaintiff would be entitled to recover, in the latter not ; as but for his own fault the misfortune would not have happened." And in explanation of the proposition he adds : " Mere negligence or want of ordinary care or caution would not, however, disentitle him to recover, unless it were such that but for that negligence or want of ordinary care and caution, the misfortune would not have happened; nor if the defendant might, by the exercise of care on his part, have avoided the consequences of the neglect or carelessness of the plaintiff." Wightman, J., in *Tuft* v. *Warman*, 94 Eng. Com. Law Rep., 573.

The rule is thus so fully and definitely expressed as to require no further comments from us.

The counterpart of this rule is declared in *Gunter* v. *Wicker*, 85 N. C., 310, *Owens* v. *Railroad*, 88 N. C., 502, *Farmer* v. *Railroad, Ibid.*, 564, and in *Aycock* v. *Railroad*, 89 N. C., 321, that the defendant will be liable, notwithstanding previous negligence of the plaintiff, if, when the injury was done, it might have been averted by the exercise of reasonable care and prudence on the part of the defendant.

The jury say that the company neglected to provide a suitable room in the coach for the use of the plaintiff, that this negligence was a partial cause of the plaintiff's injury, but the injury was not brought about in the manner charged. How can it be seen how far and how directly the plaintiff contributed to his own injury, and whether this participation was such as to absolve the company from liability for the results? The finding does not point out the efficient and direct cause of the plaintiff's ill health

41

and suffering so that it can be determined how far his disregard of the dictates of prudence for the preservation of his health was the direct or an active contributory cause of his attack. The issues should have been so framed as to distinctly present the case in the aspect suggested, and especially to show the extent of his contributory agency in producing the result, so that the rule of law could be applied to the facts, and the company's responsibility in the premises decided.

The judgment, while the only one that could be rendered on the findings, rests, nevertheless, upon a confused and unsatisfactory verdict, and ought not to stand, as injustice may be done to the plaintiff. Pursuing the same course as in *Bank* v. *Alexander*, 84 N. C., 30, and *Mitchell* v. *Brown*, 88 N. C., 156, we must reverse the judgment and direct the award of a *venire de novo* to try issues drawn up in proper form, and to this end let this be certified.

Error.                                        Reversed.