D. M. MORRISON v. JOHN G. WATSON.

*Appeal—Homestead—Judgment—Record—Verdict.*

1. The Supreme Court examines the whole record transmitted to it upon appeal, and pronounces such judgment as shall appear to it ought to be rendered thereon. *The Code,* §957.

2. If there be an irreconcilable conflict in the findings of the jury upon the issues submitted, or between the verdict and the judgment, a new trial will be awarded.

3. A *general* verdict is a finding in favor of one of the parties to an action; a *special* verdict finds the facts but is not in favor of either party, until the Court declares the law arising thereon. *The Code,* §§408, 409 and 410.

4. If the defendant, in an action to recover land, sets up the defence that he is entitled to a homestead therein, such defence is embraced, and should be considered, under the issue raised as to the plaintiff's ownership and right to the possession of the land.

(*Mitchell* v. *Brown,* 88 N. C., 156; *Turrentine* v. *Railroad,* 92 N. C., 638; *Hilliard* v. *Outlaw,* 92 N. C,, 266, cited and approved.)

This was a CIVIL ACTION, tried before *Boykin, Judge,* at October Term, 1886, of RICHMOND Superior Court.

The plaintiff alleged that he was the owner and entitled to the possession of four tracts of land described in his complaint, which the defendant wrongfully withholds, and to these averments the defendant opposed a simple denial. Three issues were submitted to the jury, to which another was added during the trial, and these, with the responses to each, were as follows:

1. Is the plaintiff the owner of and entitled to the immediate possession of the land described in the complaint? Answer: Yes.

2. Did the defendant, at the time of bringing this suit, unlawfully and wrongfully withhold the possession thereof? Answer: Yes.

3. What damage is the plaintiff entitled to recover? Answer: One hundred and sixty-two dollars.

4. What was the value of the land sold by the sheriff under execution on June 9th, 1879? Answer: Eleven hundred dollars.

Thereupon, judgment was rendered that the plaintiff take nothing by his action, and that the defendant go without day and recover his costs. From this judgment the plaintiff appealed.

*Messrs. J. D. Shaw* and *Frank McNeill*, for the plaintiff.
*Mr. Platt D. Walker*, for the defendant.

SMITH, C. J., (after stating the facts). Such was the condition of the record when the transcript was first filed in this Court. On plaintiff's application a *certiorari* was awarded looking to a perfection of the record in the Court below, and a transmission of it when corrected, in order to an understanding of the matter intended to be reviewed. In answer to the writ, we have the amended judgment with the finding by the Judge who tried the cause, of the facts that occurred while it was in progress, not material to be set out in detail, which judgment, reciting the issues and jury findings, proceeds thus:

" And it being admitted by the plaintiff that the execution under which the land was sold on the 9th June, 1879, was issued upon a judgment recovered on a debt contracted prior to 1868, and that the amount of said execution debt, principal, interest and costs was about eighty dollars, and that at the time of such sale the homestead of the defendant had not been assigned to him in the said land, and that the defendant was then in the possession thereof, and it appearing from the verdict and the said admitted fact that the land was of sufficient value to constitute defendant a homestead as well as satisfy the said execution.

The defendant now moving for judgment upon the fourth issue notwithstanding the verdict on the other issues:

It is ordered and adjudged by the Court, that the plaintiff take nothing by this action and that the defendant go hence without day, and recover his costs".

The return with this modification, in no way removes the difficulty intrinsic in the record in showing a judgment for the defendant, which, with the finding upon the fourth issue unexplained, should have been for the plaintiff. Even with the explanation, to say the least, the findings are in conflict, and leave us no other course to pursue but to set aside the verdict, and direct a *venire de novo,* as was done in *Mitchell* v. *Brown,* 88 N. C., 156; and in *Turrentine* v. *Railroad,* 92 N. C., 638.

The matter contained in the last issue, if the ruling be conceded to be right, was a defence available under the first issue as to title, and the separate finding as to value, would then have required a negative answer to that issue, and thus put an end to the cause. But it is impossible to sustain a judgment, which must in this Court be rendered "on inspection of the whole record," *The Code,* §957, and which is in direct conflict with the verdict. Nor has the course taken any sanction in the practice of rendering judgment *non obstante veredicto*.

It was pressed in argument, that the finding upon the last issue is *special,* and controls the *general* findings upon the others under §410 of *The Code.* But this is a misconstruction of the statute, which will be readily seen by recurring to sections 408 and 409 preceding, where general and special verdicts are defined and distinguished. A *general verdict* is one in which the finding is in favor of one of the parties to the action; a special verdict finds the facts, but is not for or against either party, and becomes such only when the Court declares the law arising on the facts. *Hilliard* v. *Outlaw,* 72 N. C. 266. As we have said, upon such repugnant findings,

31

without giving the certainty required to make the finding on the fourth issue a defence, there is no alternative but to direct the verdict to be set aside and award a *venire de novo.* And it is so adjudged.

Error.                                          *Venire de novo.*