The plaintiffs allege title to the machine under a contract set (323) out at length with the complaint, and asked a judgment for the possession thereof, or for $330, its value, in case its delivery cannot be had, and for $250 damages. The defendants, answering, admitted the possession of the property and agreement under which the plaintiffs claim it, but they say, in bar of the plaintiffs' right to recover, and set up as a counterclaim, that the plaintiffs entered into a new contract with them, set out at length with the answer, by which they agreed to ship a new apparatus to them, and take back the old machine, which they now seek to recover, in part payment for the new, and, in the meantime, permit the defendants to retain possession of the old apparatus. They allege a breach of this contract, and ask judgment that the plaintiffs' demand for the possession of the property be denied, and for $500 damages for breach of the contract. The following issues were submitted to the jury, each of which was answered as indicated:
"1. Is the plaintiff entitled to the recovery of the possession of the property specified in the complaint? Answer: `Yes.'
"2. Does the defendant unlawfully detain this property? Answer: `Yes.'
"3. What is the plaintiffs' damage for detention? Answer: `$100.'
"4. What is the balance due, if any, on the Eifer machine? Answer: `$70.'
"5. Did plaintiffs, since the institution of this action, agree to take the Eifer machine in controversy in part payment of a new machine, and to allow the defendant Lucas to keep the old machine until the new machine arrived? Answer: `Yes.'
"6. Did plaintiffs fail to perform their contract? Answer: `Yes.'
"7. What damages, if any, have defendants sustained by reason of the breach of said contract? Answer: `$20.'"
Upon the rendition of the verdict, the plaintiffs asked for the following judgment:
"This action having been tried before his Honor and a jury (324) empaneled to try the issues raised by the pleadings, and the jury having found that the plaintiffs are the owners and entitled to the possession of the personal property described in the complaint; that the defendant unlawfully detained the same from the plaintiffs, and assessed the damages to plaintiffs at $100, and the said jury having also found *Page 254 
that the plaintiffs made the contract with defendant set up in the answer by way of counterclaim, and committed a breach of the same, and assessed the damages of defendant at $20:
"It is now, on motion of T. W. Strange and E. S. Martin, counsel for the plaintiffs, adjudged that the plaintiffs recover of the defendant the possession of said personal property, or $330, in case delivery of said property cannot be had, and also $100 damages, together with the costs of this action, to be taxed by the clerk.
"And it is further adjudged that the defendant recover of the plaintiffs the sum of $20, which they shall have the right to set off against the said judgment for damages in favor of the plaintiffs and against said defendant in this action."
The court refused the plaintiffs, prayer, and rendered the following judgment:
"Upon the verdict the plaintiffs demanded judgment, which the court declined to grant, and plaintiffs excepted. Defendant moved for a new trial on the ground of error by instructions of court. Motion overruled. The defendant demanded judgment, which the court declined to grant, and defendant excepted. Thereupon, the court ordered that the verdict rendered by the jury be set aside, from which said order and the refusal to grant either of the judgments aforesaid, both parties prayed (325) an appeal to the Supreme Court."
The jury did not find the value of the personal property to be $320, and there is no aspect in which the verdict can be viewed that would entitle the plaintiffs to the judgment asked, or to any judgment, for it is unintelligible, inconsistent and conflicting, and was properly, and exnecessitate, set aside by his Honor because no proper judgment could be rendered upon it. Morrison v. Watson, 95 N.C. 479, and cases cited. section 412 of The Code does not embrace all the grounds upon which a verdict may be set aside and a new trial ordered. Thomas v. Myers,87 N.C. 31, and cases cited. We suggest that upon a new trial issues may be eliminated from the complaint and answer less calculated to confuse the jury.
Appeal dismissed.