## T. B. BOTTOMS v. SEABOARD AND ROANOKE RAILROAD COMPANY.

*Issues—Jury—Judge's Charge—Trial.*

1. Under the practice now prevailing, the jury, in civil actions, does not find a general verdict, but responds to specific issues eliminated from the pleadings, and, hence, it is not erroneous to deny a prayer for an instruction that, upon the evidence, a party is not entitled to recover.

2. Where the issues submitted to the jury are confused and calculated to mislead the jury, a new trial will be directed.

CIVIL ACTION, tried at Spring Term, 1891, of NORTHAMPTON Superior Court, *Connor, J.,* presiding.

The defendant appealed.

*Messrs. W. W. Peebles & Son* (by brief), for plaintiff.
*Messrs. W. H. Day* and *J. W. Hinsdale,* for defendant.

CLARK, J.: The defendant's counsel requested the Court to charge—

1. That, upon the evidence offered by the plaintiff, he could not recover.

2. That, upon the whole evidence, the plaintiff could not recover, and excepted to the refusal of the same.

As the verdict under the present procedure is never that the plaintiffs do or do not recover, but the jury respond to issues submitted to them, and on their findings the Court adjudges the recovery, such prayers are not proper, and it is not error to refuse them.    *McDonald* v. *Carson,* 94 N. C., 497; *Farrell* v. *R. R.,* 102 N. C., 390.

The exception "to the charge as given." furnishes no information to the appellee or to the Court, and has been repeatedly held too vague to be considered.    *McKinnon* v. *Morrison,* 104 N. C., 354.

The following issues were submitted to the jury, to which they responded, as appears by the record:

1. Was the plaintiff's child injured by the defendant? Answer. Yes.

2. Was the defendant guilty of negligence in respect to the injury of plaintiff's child? A. Yes.

3. Was the plaintiff guilty of contributory negligence in respect to the injury of his child? A. Yes.

4. Was the plaintiff's child injured by defendant's negligence? A. Yes.

5. What damage has plaintiff sustained? A. $750.

The defendant moves here for judgment upon these findings, on the ground that the fourth issue is the same as the second, and that the substance of all the findings is that the defendant was guilty of negligence, and the plaintiff was guilty of contributory negligence. But the form of the fourth issue differs somewhat from the second, and, taken in connection with the charge, it is extremely probable that the Court meant by the fourth issue to submit to the jury an issue as suggested by the Court in *Denmark* v. *Railroad*, 107 N. C., 185, whether, notwithstanding the contributory negligence of the plaintiff, the defendant could have avoided the accident by proper care on his part. But it is not clear that the jury so understood it, and on their face the second and fourth issues are so nearly alike that the jury may well have been misled; indeed, the issues are framed in such a manner that the material facts, as found by the jury, are confused and unsatisfactory. Under such circumstances, the settled practice is to order a new trial. *Allen* v. *Sallinger*, 105 N. C., 333. A case almost exactly "on all fours" with that before us, is *Turrentine* v. *R. R.*, 92 N. C., 638.

Error.