### THE STATE v. WHITE OAK RIVER CORPORATION.

*Indictment for Felling Timber— Verdict—New Trial—Code.*

When the jury found that defendant had felled trees in White Oak river and allowed them to remain more than five days: *Held,* that the offence came within the inhibition of the statute, Acts 1887, chapter 72, § 1, but their additional finding that the act was not "wilfully done, but in the interest of their mill," was inconsistent, and should have been set aside and new trial granted.

INDICTMENT under the Act of 1887, chapter 72, § 1, for felling timber into White Oak river and allowing it to remain more than five days, tried at Spring Term, 1892, of ONSLOW Superior Court, before *Winston, J.*

The jury found a special verdict, as follows: "That defendant did fell trees, and within two years prior to the finding of the indictment, in White Oak river in Onslow County, between Barker's bridge and the head of said river, which trees they carried down the river in rafts to their mill to be

sawed into timber. This felling was not wilfully done, but in the interest of their mill, and the river was used for floating the rafts down the same. The branches of the trees were cleared from the river; some of the logs, as is usual in such cases, fell out of the rafts and sunk; many were got up again, but some were not. These rafts and logs were in the river more than five days, and a tree on one occasion remained in the river before being cut into logs more than five days, but was cut and removed as soon as practicable by defendant. The river, at the point where the trees were felled, is thirty or forty feet wide, and is in the summer too shallow to float logs, and is not navigable there. And the jury say that they are unable to find upon said facts whether the defendant be guilty or not guilty, and thereupon ask the instruction of the Court." Whereupon, the Court instructed the jury that the defendant was not guilty and a verdict was rendered accordingly, and from the judgment thereon the Solicitor for the State appealed.

*The Attorney General,* for the State.
No counsel for defendant.

AVERY, J.: The statute (Laws of 1887, chapter 72, § 1) provides "that it shall be unlawful for any person to fell any timber, brush or other obstruction in the White Oak river, from Barker's bridge to the head of White Oak river, in the counties of Onslow and Jones, and allow the same to remain in said river for five days." The charge in the indictment is that the defendant " on the first day of January, 1890, in Onslow County, unlawfully and wilfully did fell timber and logs in the White Oak river, etc., and did allow the same to remain in said river for five days," etc. The jury find, as a part of the special verdict, that the defendant felled trees into said river, between the points mentioned in the statute and in the indictment, during the year 1889 (within two years before

the finding of the indictment), and that on one occasion one of the trees so .felled remained in the river more than five days before it was removed.

It would seem that the testimony brings the defendant very clearly within the letter of the law, and is sufficient to sustain the charge in the indictment. We find no intimation in the record of the grounds on which the learned Judge who tried the case below rested his ruling that upon the special verdict the defendant was not guilty, and we have therefore examined the facts found with great care, in order to ascertain whether there is any matter of avoidance set forth in the findings which, in law, excuses the apparently criminal conduct of the defendant. It is true that the facts found would seem to warrant the conclusion that the stream was capable of being used at all seasons, except in summer, for the purpose of transporting logs to points where they could be sawed into plank or boards, and was therefore a floatable stream, or water-highway of the third-class, affording a channel for useful commerce. *McLaughlin* v. *Manufacturing Co.,* 103 N. C., 108; Wood on Nuisances, § 575, *et seq. ;* Gould on Waters, § 107, and note; Angell on W. C., § 537, and note 1, p. 695; *Ibid,* 547, note 2; *Thunder Bay Co.* v. *Speechy,* 31 Mich., 336.

There can be no question, however, as to the power of the State to prevent nuisance in such a highway by making indictable any act amounting to an obstruction of them. Were the stream one of second class, navigable, in fact, for boats and lighters, the same principle would prevail, and the Legislature of North Carolina would still have the same authority. *Weber* v. *Commissioners,* 18 Wal., 57; *Pollard* v. *Hogan,* 3 How., 212; *Martin* v. *Waddell,* 16 Peters, 367; *Spooner* v. *Alexander,* 1 McLean, 337; *Bowman* v. *Watkins,* 2 McLean, 376. Indeed, the sovereign power of the State is often extended to the enactment of police regulations affecting land covered by the ebb and flow of the tide. Such

territory is not beyond the jurisdiction of the State, whose authority in preventing nuisances within its bounds only ceases when it is brought into conflict with the Federal government acting within the purview of its powers.

But the only remaining question is whether the criminal intent is established by the verdict. The jury find that the defendant felled a tree into the stream and allowed it to remain as an impediment to navigation for five days. The intent not being of the essence of the offence, the law presumes that the defendant intended the natural consequences of its own act, and if nothing more appeared the defendants would be guilty. *State* v. *Barnard*, 88 N. C., 661; *State* v. *King*, 86 N. C., 603; *State* v. *Kittelle*, 110 N. C., 560. The jury say, however, in another portion of their verdict, that the act was not done wilfully, but in the interest of their mills. This finding being irreconcilable with the principle that in felling the tree and allowing it to remain five days, when they could have removed it or refrained from cutting it down, the verdict should have been set aside and a new trial awarded. *Morrison* v. *Watson*, 95 N. C., 479; *Mitchell* v. *Brown*, 88 N. C., 156; *Allen* v. *Sallinger*, 105 N. C., 333; *State* v. *Oakley*, 103 N. C., 408; *State* v. *Crump*, 104 N. C., 763; *State* v. *Bray*, 89 N. C., 480. The rule is the same where the finding of a jury is not sufficiently full to warrant the Court in proceeding to judgment, as where there are contradictory findings upon essential questions; a new trial must be awarded in both cases.

Judgment reversed and *venire de novo* awarded.