## STATE v. H. L. FINLAYSON.

*Indictment—Special Verdict, Wherein Defective.*

1. In the trial of an indictment against a person for refusing and neglecting to take out a license tax imposed by the ordinances of a city, a special verdict by the jury, which fails to specify the trade or occupation carried on by the defendant and to set forth the specific provisions of the ordinance alleged to have been violated, is fatally defective, and a new trial will be granted on an appeal from the judgment thereon.

STATE *v.* FINLAYSON.

Indictment for failure to pay a license tax imposed by an ordinance of the city of Goldsboro, tried before *Brown, J.*, at April Term, 1893, of WAYNE Superior Court.

The jury found a special verdict as follows:

"1. That the city of Goldsboro, under its charter, by its regularly constituted authorities, on the 1st day of June, 1892, adopted the following ordinance:

### ORDINANCE 12.

"' *Be it ordained by the Aldermen of the city of Goldsboro:*

"'SECTION 1. That the following taxes shall be levied and collected, and are hereby levied on real•and personal property and polls, and on the business, trades and occupations carried on within the city of Goldsboro.

"'SEC. 2. That all monthly license taxes levied by this ordinance shall be collected on the first day of each month in advance.

"'SEC. 7. That any person refusing or neglecting to pay the license tax assessed against them for the space of ten days shall be liable to a fine of $5.'

"2. That by another ordinance of said city it is made a misdemeanor to fail to take out the license above provided for.

"3. That defendant is the agent of the Baltimore United Oil Company, a branch of the Standard Oil Company, having charge of the business of the said United Oil Company in Eastern North Carolina, embracing the city of Goldsboro.

"4. That the Baltimore United Oil Company keeps oil stored in the city of Goldsboro, and sells oil to merchants in said city through a regular broker, who charges a brokerage for selling. Said broker is a general broker, and sells for many other parties besides the United Oil Company, and pays the brokerage tax as required by the ordinances of said city. That said oil is shipped to Goldsboro from outside the

State, and is stored for convenience of delivery and of pur-
chasers.    It is shipped in barrels.    Is sold without breaking
packages.

"5. In making sales of oil said broker keeps a ticket or
memorandum of the sales, which he forwards to the Norfolk
office of the United Oil Company, and the bills are there
made out against the purchasers for the price of said oil; in
rare cases the purchaser proffers cash for the oil, and when
he does so the broker takes the cash and charges the cash to
himself on his brokerage account—there having been paid
in cash at no time up to the present more than was due the
broker for brokerage.    When a broker buys oil he is at once
supplied out of the stock oil, and said broker will receive the
cash for any amount of oil on hand  proposed to be bought.

" 6. That the Norfolk, Virginia, office has charge of the ter-
ritory of Eastern North Carolina.

" 7. That the Standard Oil Company is a corporation
organized under the laws of one of the States other than
North Carolina, as is also the United Oil Company, and  the
principal place of business of the said Standard Oil Com-
pany is Jersey City, in the State of New Jersey, and the prin-
cipal place of business of the United Oil Company is in Bal-
timore, in the State of Maryland, and the said company and
the said companies are producers, refiners and dealers in oils,
selling the same throughout the United States.

" 8. That it was the duty of the defendant to take out
license for said business in the city of Goldsboro, if it was the
duty of any person so to do.    The defendant is an actual
resident of the city of Goldsboro, N. C.

"9. That the defendant refuses to take out the license
required by said ordinance.

" If, upon these facts, the Court shall be of opinion that the
defendant is guilty, we find him guilty; but if, upon the
facts, the Court shall be of opinion that the defendant is not
guilty, we find him not guilty."

The Court being of opinion that the defendant was guilty, upon the facts found, directed a verdict of guilty and fined defendant $5, whereupon defendant appealed.

*The Attorney General*, for the State.
*Messrs. Aycock & Daniels*, for defendant (appellant).

SHEPHERD, C. J.: The defendant is prosecuted for refusing and neglecting to pay the license tax, as required by chapter 12, section 7, of the ordinances of the city of Goldsboro. The special verdict is fatally defective, in that it fails to clearly allege the trade or occupation carried on by the defendant, and to set forth the specific provisions of the ordinance which it is alleged was violated by the defendant. Evidently a very important question concerning interstate commerce was intended to be presented, but we cannot consider it upon this verdict. According to the ruling in *State* v. *Corporation*, 111 N. C., 661, there must be a                    New Trial.