FRICK COMPANY and H. W. SCOTT, Trustee, v. D. G. SHELTON.

(Filed 15 June, 1931.)

**Trial G b—Verdict in this case held contradictory, and defendant was entitled to a new trial.**

In an action on a note given for the purchase price of an engine the defendant pleaded a counterclaim, with supporting evidence, as to fraudulent representations inducing the purchase, the jury answered the issue as to fraudulent representations in the negative, but in another issue assessed damages against the plaintiff for such fraudulent representations: *Held,* the verdict is conflicting, and the instructions failing to point out the connection between the issues, and it being apparent that the jury was confused, a new trial is awarded on appeal.

Appeal by defendant from *MacRae, Special Judge,* at September Term, 1930, of Clay.

This is an action for judgment on promissory notes executed for the purchase of an engine and secured by a deed of trust on personal property. A former appeal was reported in 197 N. C., 296.

At the commencement of the action there were three defendants, but the court dismissed the action as to J. G. Shelton and as to O. L.

Shelton the plaintiff took a voluntary nonsuit. The verdict which follows sufficiently shows the nature of the action:

1. In what sum, if any, are the defendants, as partners, indebted to the plaintiff, Frick Company, by reason of the notes sued upon? Answer: No.

2. In what sum, if any, are the defendants, as partners indebted to plaintiff by reason of their failure to deliver the Case engine at Murphy, N. C.? Answer: .. .

3. If the defendants are not indebted to Frick Company as partners by reason of the notes sued on, in what sum, if any, is defendant, D. G. Shelton, indebted to Frick Company on said notes? Answer: Yes, $800 and interest from 8-27-1927.

4. If the defendants are not indebted to Frick Company, as partners, by reason of their failure to deliver said Case engine at Murphy, N. C., in what sum, if any, is D. G. Shelton indebted to Frick Company for said reason? Answer: Yes, $40.

5. What was the value of the Russell engine and boiler at the time the same was taken by the sheriff in claim and delivery and retained by the defendant upon giving bond required? Answer: $700 (by consent).

6. What was the value of the other machinery and material set out in the deed of trust, and retained by defendant, after the same had been seized by the sheriff at the time D. G. Shelton executed the statutory bond? Answer: $200 (by consent).

7. Did the plaintiff, Frick Company, falsely and fraudulently represent to the defendant, D. G. Shelton, or his agents, that the said Russell engine and boiler was a 25-horse power engine in first-class working condition? Answer: No.

8. If so, was said defendant induced to enter into the contract and buy said engine and boiler and execute said notes and deed of trust by said false and fraudulent representations of plaintiff, Frick Company? Answer: ... .....

9. What general damages, if any, has the defendant, D. G. Shelton, sustained by reason of said false and fraudulent representations on the part of plaintiff, Frick Company? Answer: $200.

10. What special damages, if any, is the defendant, D. G. Shelton, entitled to recover of plaintiff, Frick Company, on account of said false and fraudulent representations on the part of said plaintiff? Answer: None.

11. Is the plaintiff, H. W. Scott, trustee, entitled to the possession of said Russell engine and boiler and other machinery and material referred to in said deed of trust? Answer: .. ......... .

The trial court adjudged upon the verdict that the plaintiff recover of the defendant and his surety the sum of $800 with interest at 6 per

cent from 27 August, 1927, and the additional sum of $40; that the defendant recover nothing on his counterclaim, and that he forthwith give up the personal property for foreclosure of the deed of trust; and in default thereof that the plaintiff recover of the defendant's surety, etc.

The defendant excepted upon assigned error and appealed.

*Frank S. Hill and Thomas J. Hill for plaintiffs.*
*J. B. Gray and Moody & Moody for defendant.*

ADAMS, J.   The appellant's brief contains several assignments of error, only two of which, in our view of the case, we need consider. These two involve the single question whether there is such inconsistency in the jury's response to the seventh and ninth issues as to require a new trial.   The issues complained of relate to false representations alleged to have been made by the Frick Company and to consequent damages sustained by the defendant.

In their answer the original defendants pleaded by way of defense the alleged false representation that the engine purchased of the Frick Company was a 25-horse power engine in first-class working condition. This is the explicit question presented to the jury in the seventh issue. Upon instructions which were clear and definite, the jury answered the issue in the negative, absolving the Frick Company from the imputation of fraud.   The ninth issue has reference to the general damages which the defendant sustained by reason of the "said false and fraudulent representations on the part of the plaintiff, Frick Company," and the jury assessed the damages at two hundred dollars.   The appellant complains because this amount was not allowed him in the judgment.

If his Honor had instructed the jury to answer the ninth issue "None" or "Nothing," if they answered the seventh issue "No," and had said no more, the present assignments of error would have had no merit; but we do not find such an instruction in the record.   On the contrary, we find the following instructions given with respect to the ninth issue: "Before you would be justified in finding the defendant is entitled to recover any general damages sustained, it is necessary for you to find such damages were sustained by reason of the false and fraudulent representation of the plaintiff.   If you do not find by the greater weight of the evidence that there was a false and fraudulent representation, then the court charges you that you would answer the ninth issue Nothing. On the other hand, if you should find there were false and fraudulent representations made on the part of the plaintiff, Frick Company, to the defendant, and that those representations contained all of the four material elements of fraud, as I have defined them to you, and that by reason

of such false and fraudulent representations the defendant suffered general damages, then the court charges the defendant will be entitled to recover of the plaintiff the difference between the actual value of the Russell engine as delivered to the plaintiff and its value as falsely represented by the plaintiff to be."

There is nothing in the instructions showing the interrelation of the seventh and ninth issues; and as the jury awarded damages in answer to the latter, the reasonable conclusion is they would not have done so had they not understood the instructions set out to be applicable to the ninth issue and to be independent of the seventh. That the jury was confused seems to be supported by an inquiry they made in reference to the ninth issue "after deliberating for some time" : "We want to ask if we can give any amount of damages we want to ?"

The appellant's assignments may be upheld on the principle stated in *Bottoms v. R. R.*, 109 N. C., 72. It is not clear that the jury comprehended the instructions relating to the seventh and ninth issues; indeed, apparently they were misled. Where a verdict is so inconsistent or indefinite that the court cannot determine what judgment should be rendered in favor of a given party, or which of the parties is entitled to judgment, it must be set aside and a new trial awarded. *Crews v. Crews*, 64 N. C., 536; *Mitchell v. Brown*, 88 N. C., 156; *Turrentine v. R. R.*, 92 N. C., 638; *Morrison v. Watson*, 95 N. C., 479; *Porter v. R. R.*, 97 N. C., 66; *Allen v. Sallinger*, 105 N. C., 333.

Under the instructions given on the seventh issue the jury found there was no fraud; under other instructions which apparently they regarded as applicable only to the ninth issue, the jury found there was fraud. The two findings are inconsistent and repugnant.

In support of the verdict the plaintiff cites *Baker v. R. R.*, 118 N. C., 1015, and *McKoy v. Craven*, 198 N. C., 780. These were cases in which the plaintiff brought suit for damages, the issue of negligence being answered against the defendant, the issue of contributory negligence against the plaintiff, and damages being assessed. But in these cases there was no repugnancy in the answers of the first and second issues; the fact that the defendant was negligent did not imply that the plaintiff was not negligent. The defendant prevailed because the plaintiff was not entitled to damages resulting from his own negligence.

New trial.