Hall, Judge.
 

 I think the Judge in the Court below was correct, in thinking the words of the indictment, describing the offence charged, were too indefinite.
 

 The act of 1798,
 
 (Rev. eh.
 
 501,) enacts that any person undertaking to sell spirituous liquors by the small measure, or by any other ways or means, where the quantity
 
 is less than a qvart,
 
 shall forfeit forty-eight shillings, and shall be further liable to presentment or indictment for the same offence.
 

 The. act of 1816,
 
 (Rev. ch.
 
 906) enacts, that if any person shall retail spirituous liquors by the small measure, contrary to the true inteutaud meaning of that act without license, &c. he shall be subject to indictment.
 

 
 *199
 
 Now the word
 
 small
 
 is a relative term. We cannot decide whether a thing ys great or small, without comparing it with something else. And win n we use the words
 
 small measure,
 
 we have no distinct idea of their meaning, without a comparison with some other measure. In the presen; case, when the indictment uses the words
 
 small measure,
 
 we do not judicially know its precise. import, unless we had before us some standard measure to compare it with. If the retailing was charged in the indictment to be by a measure less than a quart, which the act of 1798 declares lo be the standard by which a small measure is ascertained, we could understand with legal certainly, that the Defendant was charged with selling spirituous liquors by a measure prohibited by these acts, and which they declare to be an indictable offence.
 

 I therefore think the judgment of the Superior Court should be affirmed.
 

 Per. Curiam. — Let the judgment below he affirmed.