Gaston, J.
 

 The special verdict in this case is so imperfect, that in law no judgment can be rendered thereon. The jury submit to the court, whether the defendant be guilty of
 
 *196
 
 an assault, but they do not find the defendant guilty, if in the opinion of .the court he is guilty ; and not guilty, if in the opinion of the .court he is not guilty. The finding one way or
 
 umst
 
 be a finding of the jury, or the verdict is bad. When a special verdict is imperfect or bad, the proper course is to direct a
 
 venire de novo.
 
 Cro. Jac. 113. 2 L. Ray. 1521, 1522.
 

 Should it be thought proper to bring the case before us after another trial, .we desire that the circumstances be stated more fully than they are set forth in this verdict. The words used, which the defendant forbade to be repeated, and the intent with which he raised his gun, and whether as wielded by him it would probably have occasioned death or great bodily harm had it descended on the prosecutor, are all matters proper to be noticed,
 

 We have had occasion j.n the case .of the
 
 State
 
 v
 
 Morgan, (supra,
 
 p. 186) to give our views of the law on questions supposed .to be involved in this case, a.nd therefore our inability to render judgment in this case will probably not cause any serious .disappointment to those interested therein.
 

 This opinion must be certified to the Superior Court of Moore, with instructions to set aside the verdict, and issue a
 
 venire de novo.
 

 Per Curiam. Ordered accordingly.