Ruffin, C. J.
 

 It may have been the purpose- of the appeal to get the opinion of the Court, , upon the questions
 
 *230
 
 raised in the special verdict, which the exception states to have been giyen. But they are not open in the State, in which the case is brought up. A special verdict is in itself a verdict of guilty or not guilty, as the facts found in it do or do not constitute in lavv the offence charged. There is nothing to do on it, but to write a judgment thereon for, or against the accused : that is, upon the supposition, that the Court deems the verdict, as found, to be sustained by the evidence. A judgment on it leaves the matter of law distinctly open to review in a higher Court. It is for this reason, principally, that special ■verdicts are given in criminal cases; so that the State, as well as the prisoner, can have the matter of law solemnly decided. But in this case, instead of proceedingto judgment on the verdict given by the jury, the Superior Court set that aside, and entered a general verdict of not guilty. That presents the case, in a condition entirely different from what it before was, and precludes this Court from dealing with the questions of law presented in the special verdict. For the Superior Court had the discretion, at the instance of the prisoner, to set aside that verdict, and there is no power here to re-instate it. But when it was set aside, the power of the Superior Court ended', and the entering further of a general verdict of not guilty, was without authority of law. A judgment for the prisoner on such a general verdict is essentially different from one in his favor on the special verdict. The latter involves matter of law only, and is: therefore the subject óf a writ of error or appeal! But a general verdict'of acqúittaly as it includes both- fa«t and law', is conclusive against the State, however erroneously the' jury may have been instructed or may have' found in point of law. The security of the citizen demands this immunity from being questioned after a full acquittal by a jury, whether right or wrong. But that can only be true óf a verdict really given. The verdict in this case, however, which now appears in-the record, was not given
 
 *231
 
 by the jury and is therefore null. It is essentially different from that which was given, and was therefore improperly entered. It is true, that it is to be presumed, that the verdict was given as entered; and that presumption would be conclusive against any evidence but the record of the special matter, made by the Judge, before whom the verdict was given. But here we have the authority of the Judge himself in the exception, that the jury gave one verdict, which he set aside, and that he then entered a different one. It is the same, as if the verdict had been, when there was no jury, or as if a general verdict of guilty had been turned into one of not guilty. As this all appears in the exception, this Court is bound to act on it, and to order a
 
 venire de novo,
 
 because there never has been legally a trial, "but only a mis-trial. 2
 
 Hale, P. C.
 
 306.
 
 Miller’s case,
 
 1
 
 Dev.
 
 &
 
 Bat.
 
 500.
 

 Per Curiam.
 
 Venire de novo
 
 awarded*