### THE STATE v. ROBERT OAKLEY.

*False Pretence—Intent—Special Verdict— When to be Set Aside.*

1. In an indictment for obtaining money by false pretence the *intent* to defraud is an essential element in the offence, and therefore a special verdict, in which it was not found that the defendant had the *intent* either to defraud or not to defraud, is defective.

2. A special verdict should find all the facts material to the determination of the issues raised by the pleadings, and if it fails to find any material fact it should be set aside and a new trial ordered.

FALSE PRETENCE, tried before *Bynum, J.,* at Spring Term, 1888, of the Superior Court of GUILFORD.

The defendant is indicted for obtaining money by false pretence in violation of the statute (*The Code,* § 1625). He pleaded not guilty, and on the trial the jury rendered a special verdict, finding facts, but omitting to find that he had the *intent* either to defraud or not to defraud. The Court held that upon the facts found, he was not guilty. That verdict was entered, and thereupon there was judgment for him, from which the Solicitor for the State—he having excepted—appealed to this Court.

*The Attorney General,* for the plaintiff.
No counsel for the defendant.

MERRIMON, J. The *intent* to defraud is an essential element of the offence charged in the indictment, and as it was not found by the special verdict that the defendant had, or had not, such intent in connection with the material facts charged, the Court could not properly decide upon the facts found that he was guilty or not guilty, and hence it erroneously directed the verdict of not guilty to be entered. The special verdict was void, because the jury failed to find by it a material fact, and the Court should have quashed it, and directed a new trial, or it might, before the jury was discharged, have directed them to find the fact omitted from their verdict as part of it. A special verdict must always embrace all the facts material to the determination of the issue of fact raised by the pleading; otherwise, it is imperfect and void, and the Court cannot apply the law. In such case the material facts do not appear.

The issue raised by the plea of not guilty has not been tried in contemplation of law, and, therefore, there must be a new trial. This is well settled by numerous decisions of this Court. *State* v. *Bray,* 89 N. C., 480, and cases there cited.

The judgment and verdict must be set aside, and a new trial ordered. To that end, let this opinion be certified to the Superior Court. It is so ordered.

Error.                                         New trial.