The defendant is charged with a violation of an ordinance of the town of McFarlan. The defendant pleaded former acquittal. On the trial the jury rendered what purported to be a special verdict, which concluded as follows: "If, on these facts (the facts found), the defendant is guilty in law, we find him guilty; if, on these facts, he is not guilty in law, we find him not guilty." Thereupon the court made this entry on the record: "Upon this verdict of the jury the court finds the defendant not guilty and orders that he be discharged." The Solicitor for the State excepted and appealed to this Court.
The trial was incomplete and ineffectual, certainly for the purpose of this action. The jury rendered no verdict of guilty or not guilty; they simply found that certain facts stated by them were true. It was not the province of the court to find that the defendant was guilty or not guilty. It should have said that the facts found did, or did not, constitute the offense charged in the warrant, and the verdict of the jury should have been rendered by them in accordance with the opinion of the court. (771) This is well settled, and it is strange, indeed, that courts so frequently, no doubt, by mere inadvertence, fail to observe the law in such respect. S. v. Bray, 89 N.C. 480; S. v. Stewart, 91 N.C. 568;S. v. Morris, 104 N.C. 837. There is
Error.
Cited: S. v. Monger, post, 771; S. v. Nies, post, 820; S. v. Spray,113 N.C. 688; S. v. Gillikin, 114 N.C. 835. *Page 525