THE STATE v. JOHN P. YOUNT et al.

*Verdict, Special—Municipal Ordinance—Taxation—License.*

Upon the trial of an indictment charging the defendants with the prose-
     cution of a certain trade without paying a tax and procuring a
     license, in violation of a municipal ordinance, the jury returned
     a special verdict, but failed to find the facts in reference to the
     payment of the tax and issuance of the license: *Held*, that the
     verdict was fatally defective.

AVERY, J., dissenting.

CRIMINAL ACTION, tried upon appeal from the Municipal Court of Newton, at Spring Term, 1892, of CATAWBA Superior Court, *Bynum, J*, presiding.

The case is stated in the opinion.

*The Attorney General*, and *Mr. M. L. McCorkle*, for the State.
*Mr. L. L. Witherspoon* (by brief), for defendants.

MERRIMON, C. J.: It is not sufficient that a special verdict finds simply the facts that raise the particular question or questions of law intended to be submitted to the Court; it must find unequivocally and explicitly all the material facts that might warrant the Court in adjudging the guilt or innocence of the defendant. Otherwise, the Court could not

adjudge that he is guilty or not guilty, and in that case it would direct a *venire de novo.   State* v. *Blue,* 84 N. C., 807 ; *State* v. *Curtis,* 71 N. C., 56;   *State* v. *Bray,* 89 N. C., 480 ; Whar. Cr. Pl. & Pr., § 746 (9th ed.).

In the present case the defendants are charged with a violation of an ordinance of the town of Newton, in that they kept a meat stand and sold pork in that town without having a license so to do, as required by the ordinance. The special verdict fails to find as a fact that the defendants had or had not paid the tax and obtained a license as required and alleged in the warrant. It is hence fatally defective. The Court could not, upon this verdict, adjudge that the defendants are guilty or not guilty, as contemplated and intended by it.

It was suggested that it was not necessary that the jury should have found as a fact that the defendants had no license as required, because they did not produce one in evidence, and it must, therefore, be conclusively taken against them that they had none.   This suggestion is without force here.   It is not found as a fact that they failed to put a license in evidence, or that they failed to produce evidence to prove that they paid the tax required of them.   It seems they might have been allowed to do so under the ordinance in question.   It may be there was such evidence—it does not appear there was not—and hence the question whether their failure to produce a license was to be taken as a conclusive fact against them does not arise.

The special verdict must be set aside, and a *venire de novo* awarded.

New trial.