STATE v. N. W. SPRAY et al.

*Indictment—Disturbing Public School.*

1. Where, in the trial of an indictment under section 2592 of *The Code* for disturbing or interrupting a public school, it appeared that the defendants, claiming the right to occupy a school-house, refused to surrender it to one who had been elected to teach a public school thereat and thus prevented a school being held there: *Held*, that defendants were not guilty of interrupting or disturbing a public school.

2. It is not necessary to enter a formal verdict in accordance with the opinion of the Court on a special verdict rendered by the jury.

The defendants were tried and convicted before a Justice of the Peace on a warrant issued for a violation of section 2592 (interrupting and disturbing a public school), and on the trial on appeal, before *Graves, J.,* at Spring Term, 1893, of SWAIN Superior Court, the jury rendered a special verdict as follows:

"The Big Cove Indian School-house was built, as to the walls and roof thereof, by the Cherokee Indians, and the building thus made was paid for out of the common school fund; the building was finished and furnished under the

direction of the Society of Friends, and paid for partly out of the church fund and partly out of money furnished by the United States for that purpose. There was in the house a box of books, the property of the defendant Spray. The school-house had been under the supervision of the Society of Friends as a day school, and had been leased, so far as their right extended, to their agent Spray. There had not been any school taught there since May, 1892. The house was after that taken possession of by the committeemen of the common school, and in December, 1892, they employed Lula Hayes to teach the school for Indians in that house, and she went in and began to teach. After she had taught three or four days the defendant Spray went to the school-house and notified her that she could not occupy the house to teach in until the property rights were adjusted, and for a few days the said Lula Hayes did not teach therein. She began to teach in the same house on the 11th December, 1892, and taught three days. On the morning of December 12, she went to the school-house for the purpose of continuing to teach her school, and found the house occupied by the defendants. She asked to be allowed to occupy the house, and proceed to teach her school, when the defendant Spray forbade her and said she should not. James Blyth, one of the defendants, was in the house. By the conduct of the defendants she was prevented from occupying the said school-house and prevented from teaching therein. There were no pupils present at the time she was so prevented, and none came to the house before she left; but on leaving she met three scholars on their way to school, being about a mile from the school-house."

Upon this special finding of facts his Honor adjudged the defendants not guilty, and the Solicitor, for the State, appealed.

No formal verdict of not guilty was entered.

STATE *v.* DEGRAFF.

*The Attorney General,* for the State.
No counsel, *contra.*

BURWELL, J.: We concur with his Honor in the opinion that the facts found by the special verdict do not constitute a violation of section 2592 of *The Code,* which makes it a misdemeanor to wilfully interrupt or disturb any public school. The act of the defendant may have prevented the coming together of the school, meaning thereby an assemblage of pupils and teachers, but it cannot be said that it interrupted or disturbed such an assemblage. The statute was contrived to put the schools of the State under the protection awarded by law to religious assemblages, and the principles that govern the prosecution of persons charged with disturbing religious meetings (*State* v. *Jacobs,* 103 N. C., 397) must control this. There was no formal verdict of not guilty in accordance with the opinion of the Court, as seems to be required by the ruling in *State* v. *Moore,* 107 N. C., 770, and *State* v. *Monger, ibid.,* 771. This is not necessary since the decision in *State* v. *Ewing,* 108 N. C, 775, which has established what is the better practice.

No Error.