STATE v. JOHN E. GILLIKIN.

*Prosecution for Failure to Work on Public Road—Defence—*
*Amendment of Magistrate's Warrant in Superior Court—*
*Special Verdict.*

1. The fact that a defendant, in a prosecution for failure to work the public road, had no occasion to use the road to which he was assigned to duty is no defence.
2. The assignment of one liable to road duty to any particular road rests with the Board of Supervisors of the township.
3. A special verdict in which, after setting out the facts, the jury say: "If upon these facts the Court be of the opinion that the defendant is guilty, the jury so find, otherwise not guilty," is sufficient as following approved precedents.

The defendant was convicted in Magistrate's Court for failure to work on public road, the warrant charging that he willfully and unlawfully failed and refused "to attend

and work on the road leading from Adams' creek to South river, he having been lawfully summoned to work thereon, and he, the said John E. Gillikin, being at the time of such failure and refusal one of the hands assigned to work on said road." Defendant appealed to the Superior Court, and when the case was called for trial the Solicitor was, upon motion, allowed to answer the warrant by alleging that the defendant had been duly assigned to work on the road known as the turnpike in said county; that he failed to pay one dollar to send an able-bodied hand in his place, and that he was liable to work on said road, and that J. B. Neal was the overseer thereon. The jury returned a special verdict as follows:

"That the defendant, John E. Gillikin, had been duly assigned to work on the road leading from the turnpike road in said county to South river (three and one-half miles), and was within the age and boundary lines to work on said road, and the boundaries of residents liable to work designated; that after being duly summoned to work on said road by J. B. Neal, the overseer of said road, he failed to pay one dollar or to send an able-bodied hand, and unlawfully failed and refused to attend and work thereon; that it is seven or eight miles from the defendant's house to the nearest point on the said road, and no road leads from his house to said road, not even a cow path; he would have to cross Big creek, one-half mile wide, where there is no ferry; that he lives 200 yards from South river, has no outlet from his house by land, and uses a private road called Shoo Fly to the turnpike. This route to the road he is required to work is seven or eight miles; that he uses the turnpike to market, and does not use at all the road he is required to work; that the people in this part of the county use boats more than vehicles on land; that from his house to the nearest point of the road by direct route on land is about

five and a half miles—by water four and a half miles. He uses a boat in traveling from place to place, and the people generally do so in that section; that he can go on South river in boat to a place near the terminus of the road, and there is a cart path to the road from the river; that he has no boat, but uses a borrowed boat; that other hands go by water; that the road is of no use to defendant or people in his neighborhood; that he is not a hand on any other road; that the road could not be kept up if the work was confined to those who live immediately on it, as only three hands live immediately on it. The people live from one to three miles on the road, and about one dozen hands live within three miles of the road who are liable to road duty.

"If upon these facts the Court be of opinion that the defendant is guilty, the jury so find; otherwise not guilty."

The Court, being of opinion that the defendant was guilty, rendered judgment accordingly, and defendant appealed.

*The Attorney General,* for the State.

*Messrs. Simmons, Gibbs & Pearsall* and *T. B. Womack,* for defendant (appellant).

CLARK, J.: The special verdict finds that all the requirements existed which rendered the defendant liable to road duty, and the Court had power to amend the warrant as it did. *State v. Poole,* 106 N. C., 698. The defendant failed to render such duty when duly summoned, and was properly adjudged to be guilty. The fact that defendant did not use and had no occasion to use the road to which he was assigned is no defence. His assignment to any particular road rested with the Board of Supervisors of the township. *The Code,* §2016. There is nothing tending to show that such Board acted fraudulently, oppressively or beyond their powers. As to the point raised upon the form of the

special verdict, there is some discrepancy between the earlier practice as stated in *State* v. *Moore*, 29 N. C., 228, and a later practice sanctioned in *State* v. *Moore*, 107 N. C., 770, and cases there cited. This was brought to the attention of the Court in *State* v. *Ewing*, 108 N. C., 755, and after "mature consideration" it was there held that either practice would be sufficient, but that the older practice as stated in *State* v. *Moore*, 29 N. C., 228, was the better one. That is the course which has been followed in the present instance.                                              No Error.