The defendant pleaded not guilty and "former conviction." The jury found the following special verdict: "That on 1 March, 1895, in the county of Brunswick, the defendant had and carried concealed about his person while off his own premises a certain pistol as charged in the indictment; that at April Term, 1895, of this court the said defendant *Page 612 
was tried and convicted upon an indictment for an assault and battery committed 1 March, 1895, upon one John Billups with a certain deadly weapon, to-wit, the pistol before mentioned; that the time of carrying the concealed weapon as aforesaid was the same time at which the assault and battery upon Billups was committed and for which the defendant was convicted as aforesaid. If upon this state of facts the court is of opinion that the defendant is guilty, then the jury find him guilty, otherwise not guilty."
Upon the special verdict the court adjudged the defendant not guilty and from a judgment discharging the prisoner, the State appealed.
In S. v. Stevens, 114 N.C. 873, it is said, "A single act may be an offense against two statutes and if each statute requires proof of an additional fact, which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Accordingly it was there held that the same act of selling a single glass of liquor might be separately punished by the United States, by the State and by the city, if sold without a license from each. While the act is one, the offenses are different. S. v. Yancy, 4 N.C. 133; S. v. Reid, 115 N.C. 741. Here, however, the acts are separate, "assaulting" and "carrying concealed weapon." The assault is an entirely separate and distinct offense from that of carrying a concealed weapon, and it does not alter the case that the assault was made with a weapon illegally concealed. The assault with a deadly weapon is a complete offense whether the weapon is carried concealed or openly. The offense of carrying a concealed weapon is complete, irrespective of the fact that an assault is or is not committed with it. Therefore the conviction for an assault with deadly weapon will not sustain a plea of former conviction in a subsequent trial for carrying a concealed weapon. S. v. Nash, 86 N.C. 650; S. v. Morgan, 95 N.C. 641.
It was sufficient upon the special verdict for the court to have judgment that the defendant was or was not guilty, but the entry upon such opinion of a verdict of not guilty worked no harm and did not prevent the appeal by the State. S. v. Ewing, 108 N.C. 755; S. v. Spray. 113 N.C. 686;S. v. Gillikin, 114 N.C. 832.
Upon the facts found by the special verdict a judgment of guilty *Page 613 
should have been entered. The case will be remanded that it may be so entered and sentence passed on the defendant in accordance therewith. S. v.Cody, 111 N.C. 725.
Reversed.
Cited: S. v. Lawson, 123 N.C. 742; S. v. Smith, 126 N.C. 1059; S. v.Taylor, 133 N.C. 759; S. v. Lytle, 138 N.C. 740; S. v. Hooker, 145 N.C. 584;S. v. Ditmore, 177 N.C. 594.
(1049)