STATE v. BRADLEY.

(Filed May 12, 1903.)

INTOXICATING LIQUORS—*Retailing—Special Verdict—Verdict—The Code, Sec. 1076—Acts 1901, Ch. 9, Secs. 70, 103.*

> In a prosecution for retailing liquor without a license, a special verdict which fails to find that the defendant did not have a license to sell is not sufficient to sustain a judgment of guilty.

INDICTMENT against Eli Bradley, Jr., heard by Judge *E. B. Jones,* at Spring Term, 1903, of the Superior Court of POLK County. From a judgment of not guilty on a special verdict, the State appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*J. E. Shipman,* for the defendant.

CONNOR, J. The defendant was charged in the usual form of indictment with retailing without license "a quantity of spirituous liquor by small measure, to-wit, by the measure of a pint." The jury returned for a special verdict "that the defendant sold one quart of whiskey to J. B. Constand, in Polk County, about one year prior to the finding of the bill, for which said Constand in Polk County paid the defendant thirty cents. If upon the above facts the court be of the opinion that the defendant is guilty, the jury so find; otherwise, not guilty."

His Honor held that the defendant was not guilty and so adjudged. The Solicitor for the State appealed.

We are of the opinion that his Honor could not have adjudged the defendant guilty upon the special verdict, and that he could not render any judgment thereon. The offense charged is selling liquor without having a license to do so. It is true that it has been the settled law in this State for more than fifty years that "proof of the existence of a license to retail must come from the defendant." *State v.*

*Emery,* 98 N. C., 668; and upon proof of sale, in the absence of such proof, the jury must find the defendant guilty.

If, however, the jury shall, instead of returning a general verdict, find a special verdict, they should find every fact, if it exists, either by proof or presumption, essential to the defendant's guilt, otherwise the court should set the finding aside and direct a *venire de novo.* *State v. Bloodworth,* 94 N. C., 918; *State v. Bray,* 89 N. C., 480; *State v. Corporation,* 111 N. C., 661; *State v. Oakley,* 103 N. C., 408.

The bill of indictment is drawn under the provisions of Section 1076 of The Code, which makes it a misdemeanor to sell "spirituous liquor by the small measure in any other manner than is prescribed by law." The charge is that the defendant sold "by the measure of a pint." It may, if the allegations are found to be true, be sustained either under that section or Section 103, Chapter 9, Laws 1901. Section 70 of this statute, being the Revenue Law of that year, which prescribes: "Every person . . . selling spirituous . . . . liquors . . . shall pay a license tax semi-annually on the first days of January and July as follows: First, for selling in quantities of five gallons or less, fifty dollars for each six months; second, for selling in quantities of five gallons or more, one hundred dollars for each six months," etc. Section 103 makes it a misdemeanor to practice any trade or profession or use any franchise without having paid the tax and obtained a license as required, etc. It would seem that in view of the new classification of dealers in spirituous liquors, a sale of five gallons or less would be by small measure. This is the principle of construction adopted in *State v. Shaw,* 13 N. C., 198. We have said this much because we presume the appeal is taken for the purpose of having our opinion on the question.

For the defect in the special verdict there must be a

*Venire de Novo.*