## STATE v. RICHARD McCLOUD.

(Filed 23 December, 1909.)

**False Pretense — Special Verdict — Intent — Verdict Defective —
Appeal and Error—New Trial.**

Defendant being indicted under Revisal, 3432, the jury found,
by special verdict, that a certain mercantile company issued·alu-
minum checks, redeemable in merchandise, to the laborers of·a
certain lumber company whose names were furnished it by the
latter company, and that defendant obtained one of these checks
upon his false statement that he was one B., a laborer whose
name had thus been furnished, and that he obtained no goods on
the check. *Held,* no judgment on the verdict can be rendered,
and a new trial ordered; the court is confined to the facts found,
and there was a failure of the jury to find defendant's intent to
defraud, and also to find the facts of the agreement or arrange-
ments existing between the mercantile and lumber companies
respecting· the issuance by the former of these checks.

APPEAL from *Peebles, J.,* May Term, 1909, of BEAUFORT.

This was an indictment under section 3432, Revisal.

The jury returned the following special verdict: "The Clarke-
Smith Company was a corporation, engaged in mercantile busi-
ness at Belhaven. It issued aluminum checks to employees of
the Roper Lumber Company, representing goods, and good for
amount in goods named in check. Henry Boyd was a laborer for
said Roper Lumber Company, and his name had been furnished
by said Roper Lumber Company, as its laborer, to said Clarke-
Smith Company. Defendant applied to said Clarke-Smith Com-
pany for a one-dollar check. The clerk asked the defendant his
name. He told him it was Henry Boyd; thereupon the clerk
furnished him a check good for one dollar and representing one
dollar in goods. The clerk said he thought defendant's conduct
suspicious. The next day the defendant came back and asked
for another dollar check. Clerk refused, in consequence of the
fact that Boyd had been in in the meantime. No goods were fur-
nished on the check. Defendant's name was not Henry Boyd,
and Boyd had not authorized him to call for his check. If, upon
this finding, the court is of the.opinion that defendant is guilty,
the jury find him guilty. If the court is of the opinion that he
is not guilty, we find him.not guilty." Whereupon the court
adjudged the defendant not guilty, and the solicitor appealed.

*Attorney-General* and *G. L. Jones* for the State.
No counsel for defendant.

MANNING, J., after stating the case: The special verdict found
in this case is defective, and the facts found by the jury are not

sufficient to warrant any judgment thereon. In determining the guilt or innocence of a defendant upon a special verdict, the court is confined to the facts found, and is not at liberty to infer anything not directly found. *State v. Custer,* 65 N. C., 339; *State v. Hanner,* 143 N. C., 632, and cases cited. The special verdict does not find the intent with which the defendant made the statements. "The *intent* to cheat and defraud the prosecutor is an essential ingredient in the crime of false pretense. The verdict should have found that fact distinctly, the one way or the other; either that the defendant made the false representation with intent to cheat, or that he made the statement under an honest conviction of its truth." *State v. Blue,* 84 N. C., 807; *State v. Oakley,* 103 N. C., 408. In the absence of such definite finding, the uniform practice is to grant a new trial. *State v. Bray,* 89 N. C., 480; *State v. Blue, supra; State v. Oakley, supra; State v. Hanner, supra.* Nor is there a finding showing under what agreement or arrangement the Clarke-Smith Company issued its aluminum checks to the laborers of the Roper Lumber Company. The aluminum check was the promise to pay of the Clarke-Smith Company, payable or redeemable in goods, as we interpret the verdict. We are therefore of the opinion that the judgment should be reversed, the special verdict set aside and a new trial had.

Error. New trial.