Criminal prosecution, tried upon warrant charging the defendant with feloniously failing (1) "to comply with city ordinance by cruising from place to place in a taxicab and picking up passengers"; and (2) "also failing to have insurance covering taxicab No. 1 of the Safety Cab Company."
Judgment of guilty and fine on both counts in the Recorder's Court, from which the defendant appealed, and was tried de novo in Superior Court.
Upon motion, the solicitor was allowed to amend "so as to set out the ordinances referred to in the warrant."
The following special verdict was returned in the case:
"The jury finds that the defendant committed the acts prohibited by the ordinances, as set out in the amendment to the warrant, upon the date stated in the warrant. If upon said facts the defendant is guilty, the jury then finds him guilty. If upon said facts he is not guilty, the jury finds him not guilty." *Page 375 
The court being of opinion that the ordinances are void under authority of S. v. Sasseen, 206 N.C. 644, adjudged the defendant not guilty upon the special verdict. The State appeals, assigning errors.
The special verdict is fatally defective in that it fails to find the facts essential to an adjudication of the defendant's guilt or innocence.S. v. Yount, 110 N.C. 597, 15 S.E. 231; S. v. Finlayson, 113 N.C. 628,18 S.E. 200; S. v. Colonial Club, 154 N.C. 177, 69 S.E. 771; S.v. Hanner, 143 N.C. 632, 57 S.E. 154, 24 L.R.A. (N.S.), 1. Hence, avenire de novo must be ordered. S. v. Blue, 84 N.C. 807. The case stands as if there had been a mistrial. S. v. Curtis, 71 N.C. 56.
But defective as it is, the verdict is such as to warrant an appeal by the State. C. S., 4649; S. v. Ewing, 108 N.C. 755, 13 S.E. 10; S. v.Robinson, 116 N.C. 1046, 21 S.E. 701; S. v. Gillikin, 114 N.C. 832,19 S.E. 152.
Venire de novo.