## STATE v. J. D. HIGH, JR., AND TOM MATTOX.

(Filed 16 December, 1942.)

**1. Constitutional Law § 6b—**

This Court never anticipates a question of constitutional law and it will not decide the challenged constitutionality of an act when the appeal may be disposed of on other grounds.

**2. Criminal Law § 54e—**

A special verdict rendered, in a criminal prosecution, under Public-Local Laws 1941, ch. 259, which does not find that the lot, upon which junk or scrapped automobiles are kept, is within 200 yards of a residential area as defined in the Act, is insufficient to support a verdict of guilty.

APPEAL by defendants from *Burney, J.,* at February Term, 1942, of WILSON. Reversed.

Criminal prosecution on warrant issued under ch. 259, Public-Local Laws 1941.

The warrant charges that on or about 1 July, 1941, "within the corporate limits of the Town of Wilson, or within five miles outside said town limits" the defendants operated and maintained "an open storage for and/of junked and disused automobiles and automobile parts, within 200 yards of resident building and resident lots which exceed mercantile and manufacturing establishments."

When the cause came on to be heard the jury returned a special verdict as follows:

"That the defendants, Jimmie D. High and Tom Mattox, operate and maintain, upon premises maintained by them, a garage for the repair of automobiles and the sale of automobile parts; the buildings in which said business is maintained and conducted faces the extension of Goldsboro Street and is on U. S. Highway No. 301; that in connection therewith they own or are in the possession of and maintain a lot of land extending back from Highway No. 301, parallel with *Briggs Street* for a distance of about *450* feet, and on this lot they maintain and permit to be maintained a large number, to-wit—at least *550,* of junked, scrapped disused automobiles and the parts from a large number of junked, scrapped and disused automobiles on said lot, which lot is maintained by them; the garage thereon and the lot being situate within the corporate limits of the Town of Wilson; that the buildings are within an area within 200 yards of which residences and residence lots exceed in number mercantile and manufacturing establishments, and the said junked, scrapped and disused automobiles and automobile parts are not stored within or under a roofed building; and the defendants have been

so maintaining said premises for more than twelve months last past. And prior to the enactment of chapter 259 of the Public-Local Laws of 1941.

"If from your verdict and findings of fact the Court is of the opinion that the defendants are guilty, then the jury returns a verdict of 'Guilty'; if, however, upon your findings of fact and verdict the Court is of the opinion that the defendants are not guilty then the jury returns a verdict of 'Not Guilty.' "

The jury then, upon instruction of the court as to the legal effect of their findings, returned a verdict of "Guilty" upon the special verdict. From judgment thereon defendants appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*
*Sharpe & Grimes and Connor & Connor for defendants, appellants.*

BARNHILL, J.  The primary objective of this appeal is to test the constitutionality of ch. 259, Public-Local Laws 1941, under which defendants were indicted, it being contended by the defendants that this statute is a local law relating to the abatement of nuisances and is prohibited by Art. II, sec. 29, N. C. Const.  Decision on this question must be reserved.  This Court never anticipates a question of constitutional law and it will not decide the challenged constitutionality of an act when the appeal may be disposed of on other grounds.  *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481; *S. v. Edwards,* 190 N. C., 322, 129 S. E., 808; *S. v. Corpening,* 191 N. C., 751, 133 S. E., 14; *Newman v. Comrs. of Vance,* 208 N. C., 675, 182 S. E., 453; *Wood v. Braswell,* 192 N. C., 588, 135 S. E., 529.  The record here will not permit a determination of the question thus sought to be presented.

The special verdict is insufficient to support the judgment entered. The act does not condemn the maintenance of buildings within the designated area.  Nor does it prohibit the keeping and storing of junk within a building.  The conduct made or attempted to be made unlawful is the maintenance of "any storage or dump or parking lot for the storage or placing or keeping of junk or scrapped or disused automobiles or automobile parts . . . within or adjacent to any residential area of the town of Wilson."  For the purpose of the act the residential area is "any area or place within 200 yards of which residences or residence lots exceed in number mercantile or manufacturing establishments." "Roofed" buildings are expressly excepted.

The jury found that the lot is within the corporate limits of the town, but this alone is not sufficient to support the verdict.  They found also that the buildings are within the prohibited area.  They failed, however,

to find that the lot upon which junked or scrapped automobiles are stored or kept is likewise within 200 yards of a residential area as defined in the act. This is of the essence—the *sine quo non*—of the offense created by the statute. It may be that the buildings are and the junk lot is not within such area. Hence, there is no sufficient finding of fact to support a verdict of guilty.

The judgment below is

Reversed.