## STATE v. TAFT WHITE.

(Filed 6 June, 1945.)

**1. Bastards § 2—**

> Neither paternity nor failure to support, nor both, without willfulness, is sufficient to convict a father for failure to support his illegitimate child.

**2. Bastards § 5—**

> Where defendant was tried on a warrant, charging the willful refusal, failure and neglect to support defendant's illegitimate child, and the evidence for the State tended to show that not only had the mother made no demand on defendant for support of the child, but that she had said to him if he paid $20 (which he did), there would be no more of it, and that she thought she could care for the child as it ought to be cared for, there is not sufficient evidence to support the verdict and judgment.

BARNHILL, J., concurring.

WINBORNE and DENNY, JJ., join in concurring opinion.

APPEAL by defendant from *Armstrong, J.,* at November Term, 1944, of CALDWELL.

On appeal from the recorder's court, the defendant was tried *de novo* in the Superior Court of Caldwell County on a warrant preferring the following charge:

". . . that at and in said County and ......................Township, on or about the 1 day of February, 1944 Taft White did unlawfully, and wilfully refuse, fail and neglect to support and maintain an illegitimate child belonging to him, the said Taft White, begotten upon the body of the said Hattie Bryant, which said child was born November 30, 1943 and still wilfully fails and refuses to maintain and support said child contrary to the form of the statute and against the peace and dignity of the State."

The evidence for the State was substantially as follows:

Hattie Bryant testified that she was the mother of a bastard male child, of whom the defendant was the father. The child was begotten while she lived in Valmead, Caldwell County. When witness discovered her pregnancy, she informed the defendant, who tried to get her to destroy the child, which she refused to do. Defendant made the arrangements for Dr. Fetner to "check her up," and gave her, on each of two occasions, $10.00 to pay for this service. After the birth of the child, defendant gave it a gown, two pairs of bootees and a shirt. Defendant promised to help her with the child. Witness did not ask him for support, except that she asked him "if he would do it willingly."

Witness stated that White paid $20.00 on the hospital bill, but not until he was forced to pay it. That she had told him if he paid that it

STATE *v.* WHITE.

would be the "last of it." That she didn't do anything about it because she thought she could raise the child "as it was supposed to be raised."

Mrs. Bryant, the mother, testified that the defendant came to the house Christmas with a little package under his arm, sat on the bed with Hattie and gave her the package. He took the baby on his lap, saying, "I have a fine boy, don't I?" Also defendant stated at the hospital he had a fine son.

Dr. Fetner testified that defendant made arrangements with him to see the mother during her pregnancy. "The money came through the hospital for my pay, but it was paid by Mr. White."

At the conclusion of the State's evidence, the defendant demurred and moved for judgment as of nonsuit. The motion was overruled, and defendant excepted. The defendant offered no evidence. Two issues were submitted to the jury and answered as indicated:

"1. Is the defendant, Taft White, the father of the child born to Hattie Bryant on November 30, 1943?

"Answer: Yes.

"2. If so, has the defendant, Taft White, wilfully neglected or refused to support and maintain the said illegitimate child?

"Answer: Yes."

Upon the coming in of this verdict, defendant moved to set it aside for error committed upon the trial. The motion was overruled and defendant excepted.

Defendant then moved for arrest of judgment. The motion was overruled and defendant excepted.

Judgment was entered upon the verdict, and defendant excepted and appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*W. H. Strickland for defendant, appellant.*

SEAWELL, J. Cases under our present bastardy act constantly present difficulties of construction, as to some of which the Court may not be wholly agreed. Many of these, no doubt, must be cleared up by legislative action before we have an unchallengeable procedure. The instant case is suggestive of many particulars in which the law might receive clarification, but in view of the rationale of our present decisions, anything we might say as to them would be *obiter dictum.*

On this point we are agreed. Evidence on the part of the State fails to disclose one of the essential elements of the offense created by the statute and charged against the defendant—that of willfulness in the

failure or neglect to support the illegitimate child. Neither paternity nor failure to support, nor both, without willfulness, is sufficient to convict. Upon this point the testimony of the mother, which is the evidence of the State, is to the effect that not only had she made no demand on defendant for support of the child, but that she had told him if he paid $20.00, there would be no more of it. This he had done. She thought she could care for the child as it ought to be cared for. Perhaps the defendant thought so too.

To make out a case evidence like that calls for rebuttal, and the State is never in position to rebut its own evidence.

There should have been judgment as of nonsuit. It is so ordered.

Reversed.

BARNHILL, J., concurring: I concur in the conclusion that the sentence imposed in the court below should be vacated and defendant discharged. My conclusion is bottomed on reasons other than those stated in the majority opinion.

The trial judge submitted issues but inadvertently failed to instruct the jury that if they answered both issues in the affirmative they should, upon the facts thus found, return a verdict of guilty, and the jury failed to return a verdict on the principal issue of guilt or innocence.

It is fundamental with us that a defendant charged with crime, other than a petty misdemeanor, who pleads not guilty, can be punished only after conviction by a jury. Art. I, secs. 11 and 13, N. C. Const. As there was no verdict of guilty, the court was without power to impose sentence. It follows that the motion in arrest of judgment should have been allowed.

As pointed out in the majority opinion, the record fails to disclose evidence sufficient to support the answer to the second issue or to warrant a conviction. Hence a verdict of not guilty of a willful failure or refusal to support his illegitimate child should be entered.

On the other hand, there is evidence in the record tending to show that the defendant is the putative father of the bastard child of the prosecutrix sufficient to sustain the answer to the first issue. Whether the court, on the answer to that issue, may now enter a decree adjudging the paternity is not presented for decision. Discussion of that question is not now in order.

WINBORNE and DENNY, JJ., join in this opinion.