## STATE v. WILLIAM FLOYD KNIGHT.

(Filed 11 April, 1962.)

**Bastards § 8—**

In a prosecution of defendant for wilful refusal to support his illegitimate child, the issue of paternity and wilful refusal to provide support are properly tried in the one prosecution, and defendant's contention that he must be tried first on the issue of paternity and found guilty before he could be tried on the issue of wilful refusal to provide support, is untenable.

APPEAL by defendant from *Shaw, J.,* October 30, 1961, Criminal Term, FORSYTH Superior Court.

This criminal prosecution originated in the Forsyth County Domestic Relations Court upon a warrant charging that on or about the 1st day of February, 1961, the defendant did unlawfully and wilfully fail, refuse, and neglect to provide adequate support for his illegitimate child begotten upon the said Annie Jacqueline Tillman, the name and age of the child being Leigh Roxanne Tillman, born 1/5/61.

The defendant entered a plea of not guilty. From a verdict of guilty, the defendant appealed to the superior court. Before arraignment there the solicitor moved to amend the warrant by inserting the word "born" in front of 1/5/61. The court allowed the amendment. The defendant pleaded not guilty. After a jury trial and a verdict and judgment adverse to the defendant, he appealed.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Assistant Attorney General, for the State.*
*Max D. Ballinger for defendant appellant.*

HIGGINS, J. The defendant's counsel noted 87 exceptions during the trial. Sixty of these relate to the charge. The brief consists of approximately 50 pages. The complete story of the case is short. The prosecuting witness testified she and the defendant were both students in the same high school. They began having dates in September, 1959. After the first two or three dates the parties had sexual relations. The prosecutrix testified this relationship continued until about June or July, 1960; that she became pregnant in April, 1960; that the defendant is the father of the child and that she had never had relations with any other person.

The defendant testified, admitting the dates beginning in September, 1959. He testified, however, he never had relations with the prosecuting witness after September of that year and that he is not the father of the child born in January, 1961.

Both the prosecutrix and the defendant offered certain bits of evidence, mostly of their good character, tending to support their respective stories. The defendant admitted that he was strong and able to work, and that he had refused to support the child upon the ground that he was not its father.

In the charge the court reviewed at great length the evidence of all the witnesses and explained in minute detail the law arising on the evidence and the warrant. The jury found: (1) The defendant is the father of the illegitimate child, Leigh Roxanne Tillman, born to Anne Jacqueline Tillman on January 5, 1961. (2) The defendant wilfully neglected and refused to support and maintain said illegitimate child after demand. (3) The defendant is guilty as charged in the warrant. In the argument here, defendant's counsel insisted the defendant's constitutional rights were violated in that he was not first tried on the issue of paternity and, if found to be the father of the child, then and only then, should he be tried in a separate proceeding on the general issue of failure to support. The practice has been to submit separate issues because the paternity need be established only once; whereas, the wilful failure to support after notice and demand is a continuing offense and a trial on that issue involves the failure to support up to the date of the indictment or warrant. Subsequent failure may be the subject of a further prosecution. The defendant's contentions and objections to the trial are without support. Separate issues arising upon the warrant were properly submitted. The trial was in accordance with the usual practice in such cases. *State v. Robinson,* 245 N.C. 10, 95 S.E. 2d 126; *State v. Chambers,* 238 N.C. 373, 78 S.E. 2d 209; *State v. Love,* 238 N.C. 283, 77 S.E. 2d 501; *State v. Ellison,* 230 N.C. 59, 52 S.E. 2d 9; *State v. Hayden,* 224 N.C. 779, 32 S.E. 2d 333; *State v. Spillman,* 210 N.C. 271, 186 S.E. 322.

The record of the trial in the superior court discloses

No error.