## STATE v. FRANCIS ELLIS.

(Filed 23 September, 1964.)

**1. Bastards § 1—**

The question of paternity is merely preliminary in a prosecution under G.S. 49-2, since the wilful failure to support, and not begetting the child, is the offense.

**2. Bastards § 8—**

In a prosecution for wilful refusal to support an illegitimate child the statutes contemplate the submission of issues to the jury, and while an affirmative finding on the issue of paternity will not alone support conviction, the offense is a continuing one, and the accused is not entitled to have the question of paternity re-litigated in a subsequent prosecution for the offense.

**3. Same—**

In a prosecution under G.S. 49-2, the court may enter judgment, without a general verdict of guilty, upon a finding by the jury that defendant is the father of the illegitimate child in question and has wilfully refused, after demand, to support said child, or the court may instruct the jury that upon affirmative findings upon these issues the jury should enter a general verdict of guilty, and enter judgment upon such verdict.

**4. Criminal Law § 119—**

In this State a judgment in a criminal prosecution may rest upon a general verdict or a special verdict.

**5. Same—**

A special verdict is one in which the jury finds the ultimate material facts, usually by written recital, and if the facts found constitute the offense charged the court may declare the defendant guilty and enter judgment accordingly without a general verdict of guilty, and such judgment does not violate the provisions of Article I, §§ 11 and 13 of the Constitution of North Carolina.

**6. Same—**

A special verdict must find sufficient facts to permit the conclusion of law upon which the judgment rests, and is fatally defective if a material finding is omitted.

**7. Bastards § 8—**

A finding by the jury that defendant is the father of the illegitimate child in question and that defendant wilfully neglected and refused to support and maintain said illegitimate child, is fatally defective as a special verdict, since such verdict omits any finding that such wilful refusal subsisted after demand was made upon defendant and before the institution of the prosecution.

APPEAL by defendant from *Riddle, S. J.,* April 1964 Session of Mc-DOWELL.

This is a criminal action in which defendant is charged in an indictment with nonsupport of his illegitimate child. G.S. 49-2.

Issues were submitted to and answered by the jury as follows:

"Is the defendant, Francis Ellis, the father of the child, Patricia Ann Pace, begotten upon the body of Marlon Ann Pace?

"Answer: Yes.

"Has the defendant, Francis Ellis, wilfully neglected and refused to support and maintain said illegitimate child, Patricia Ann Pace, begotten upon the body of Marlon Ann Pace?

"Answer: Yes."

Upon the foregoing verdict the court entered judgment providing imprisonment for 2 years, and suspending the prison sentence for 5 years upon condition defendant pay the costs and $10 per week for the support of the said child.

Defendant appeals.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*Everette C. Carnes for defendant.*

MOORE, J. Defendant assigns as error the absence of a specific verdict of "guilty." He takes the position that a verdict will not support a judgment against him unless the issues of paternity and wilful nonsupport are answered against him and, in addition, a general issue as to guilt. This contention is in accord with the holdings of this Court in a number of recent cases.

We are disposed, however, to re-examine this rule and the reasons upon which it is based, with a view to determining whether we will strictly adhere thereto in prosecutions for violations of G.S. 49-2.

In *State v. White,* 225 N.C. 351, 34 S.E. 2d 139 (1945), judgment against defendant was reversed on the ground that evidence of "wilfulness in the failure or neglect to support the illegitimate child" was lacking. In a concuring opinion *Barnhill, J.* (later C.J.), joined by *Winborne, J.* (later C.J.), and *Denny, J.* (now C.J.), stated:

> "The trial judge submitted issues but inadvertently failed to instruct the jury that if they answered both issues in the affirmative they should, upon the facts thus found, return a verdict of guilty, and the jury failed to return a verdict on the principal issue of guilt or innocence.

"It is fundamental with us that a defendant charged with crime, other than a petty misdemeanor, who pleads not guilty, can be punished only after conviction by a jury. Art. I, §§ 11 and 13, N. C. Const. As there was no verdict of guilty, the court was without power to impose sentence."

It seems likely, though the concurring opinion does not so state, that the Justices were influenced by the history of the subject-matter. Prior to 1933 the statutes in this legal area were known as "bastardy" laws. Consolidated Statutes, §§ 265-276. Actions pursuant thereto were civil rather than criminal. *State v. Liles,* 134 N.C. 735, 47 S.E. 750. In 1933 the bastardy laws were repealed and G.S. 49-2 was enacted. This is a criminal statute. *State v. Cook,* 207 N.C. 261, 176 S.E. 757 (1934). In advocating the necessity of a specific finding on the issue of guilt or innocence in actions involving the new statute, the members of the Court undoubtedly felt that the criminal nature of the statute and actions pursuant thereto should be underscored and all uncertainty with respect thereto removed.

*Winborne, J.* (later C.J.), speaking for a unanimous Court in *State v. Robinson,* 236 N.C. 408, 72 S.E. 2d 857 (1952), in which the paternity and nonsupport issues were answered adversely to defendant but no general verdict of guilty had been returned, said: ". . . since there is no verdict as to the guilt of defendant on the facts found as to the offense charged, there must be a new trial on the second issue, — with instruction that if the same be answered 'yes' the jury should return a verdict of guilty, or guilty as charged."

In *State v. Love,* 238 N.C. 283, 77 S.E. 2d 501, the matter is more fully stated as follows:

". . . the practice has been, and is to submit to the jury issues, first, as to defendant's paternity of the child, and, secondly, as to willful neglect or refusal of defendant to support and maintain his child, and a third, as to guilt of defendant. See *S. v. Hayden,* 224 N.C. 779, 32 S.E. 2d 333; *S. v. Stiles,* 228 N.C. 137, 44 S.E. 2d 728; *S. v. Ellison,* 230 N.C. 59, 52 S.E. 2d 9; *S. v. Bowser,* 230 N.C. 330, 53 S.E. 2d 282; *S. v. Robinson,* 236 N.C. 408, 72 S.E. 2d 857."

". . . three issues are required to be submitted in a single case, and . . . the trial court should instruct the jury to consider them in the order in which they appear, that is; That the issue of paternity should be considered first. That if it be answered in the negative, the other issues would not be considered. But if answered in the affirmative, the jury would proceed to consider the second issue, as to willful nonsupport; that if it be answered in the

negative, the answer to the third issue would be 'not guilty.' But if the first and second issues be answered in the affirmative, the jury would answer the third issue 'guilty'; that is, the answer to the third issue would follow as a matter of law."

A very recent case in which the procedure outlined in *Love* was followed is *State v. Knight*, 256 N.C. 687, 124 S.E. 2d 855.

Because of the nature and effect of the elements involved in G.S. 49-2, it would be difficult to properly try a case pursuant to that statute without submitting to the jury either oral interrogatories or written issues. Furthermore, G.S. 49-7 seems to contemplate the submission of issues. The only prosecution contemplated under this statute is grounded on the wilful neglect or refusal of a parent to support his or her illegitimate child. The mere begetting of the child is not a crime. The question of paternity is incidental to the prosecution for the crime of nonsupport — a preliminary requisite to conviction. If a jury find that the accused is parent of the child but has not wilfully failed or refused to support the child, there can be no conviction for no crime has been committed. But G.S. 49-2 creates a continuing offense. The determination of paternity will stand; and upon a prosecution for a subsequent wilful neglect or refusal to support, the accused is not entitled to have the question of paternity re-litigated. *State v. Coppedge*, 244 N.C. 590, 94 S.E. 2d 569; *State v. Chambers*, 238 N.C. 373, 78 S.E. 2d 209; *State v. Robinson, supra.*

This brings us to the question, whether the submission of the general issue of guilt or innocence which, according to *State v. Love, supra,* must be answered by direction of the trial judge, is essential to support a judgment.

The verdict of the jury on the issues of paternity and nonsupport is in the nature of a special verdict. It is firmly established in this jurisdiction by precedent and statute that verdict in criminal cases may be either general or special. In arriving at a general verdict, the jurors take the law as given by the court and apply the law to the facts as they find them to be and reach a general conclusion, usually "guilty" or "not guilty." "A special verdict is that by which the jury finds the facts only, leaving the judgment to the court." G.S. 1-201. Ordinarily, the form of a special verdict is a written recital of the jury's findings of the ultimate material facts. See *State v. High*, 222 N.C. 434, 23 S.E. 2d 343; *State v. Sasseen*, 206 N.C. 644, 175 S.E. 142. It was originally a requirement in this jurisdiction that the special verdict state that the jury finds the accused guilty if in the opinion of the court, upon the facts found, he is guilty, and not guilty if in the opinion of the court

the facts found do not establish guilt. *State v. Wallace,* 25 N.C. 195. In *State v. Moore,* 107 N.C. 770, 12 S.E. 249, it is said: "The jury rendered no verdict of guilty or not guilty; they simply found that certain facts stated by them were true. It was not the province of the court to find that defendant was guilty or not guilty. It should have said that the facts did or did not constitute the offense charged in the warrant, and the verdict of the jury should have been rendered by them in accordance with the opinion of the court. This is well settled, and it is strange, indeed, that courts so frequently, no doubt by mere inadvertence, fail to observe the law in such respect." However, in *State v. Ewing,* 108 N.C. 755, 13 S.E. 10, it was held that where there is a special verdict, finding the material facts, no general verdict of guilt or innocence is necessary. The Court explained: "It very obviously appears from the record that the jury intended to, and certainly did, render a special verdict embodying all of the material facts of the case. This they did, and no more; and this it was their province to do. This verdict remains . . . and the judgment of the court is founded upon it. The jury could not go further and render two verdicts — one special and the other general — so that both might prevail at the same time. To do so would involve practical absurdity." Further: "On the argument it was brought to our attention that some confusion and inconsistency have prevailed in numerous decisions of this Court in respect to special verdicts in criminal cases. We have examined the cases cited, and others, and upon mature consideration we think it better that, upon the special verdict in a case, the court should simply declare its opinion that the defendant is guilty or not guilty, and enter judgment accordingly. Indeed, the simple entry of judgment in favor of or against the defendant would be sufficient. . . . It is plain and convenient, will prevent further conflict of decision, and should be observed." The Court had previously held to the same effect in *State v. Moore,* 29 N.C. 228, but later cases were in conflict with the Moore decision, and the question was not finally set at rest until the decision in *Ewing. Ewing* has been followed and cited with approval in *State v. Gulledge,* 207 N.C. 374, 177 S.E. 128; *State v. Ditmore,* 177 N.C. 592, 99 S.E. 368; *State v. Robinson,* 116 N.C. 1046, 21 S.E. 701; *State v. Gillikin,* 114 N.C. 832, 19 S.E. 152; *State v. Spray,* 113 N.C. 686, 18 S.E. 700. The language of G.S. 1-201 is in accord. Either practice would be sufficient but that approved in the *Ewing* case is "the better one." *State v. Gillikin, supra.*

The verdict in the instant case differs from the usual special verdicts in that issues were submitted and answered. The submission of interrogatories or issues has been rare in criminal cases. In *State v.*

*Belk,* 76 N.C. 10, an assault case, "Instead of submitting the case to the jury on the general issue of not guilty and with instructions as to the law appropriate to the evidence, the Judge submitted certain questions to the jury and these, with their findings in reply, are regarded by the Judge . . . as a special verdict." The Court comments: "We think this practice is one not to be advised in criminal cases. It will be found inconvenient and moreover, it tends to impair the undoubted right of juries to find general verdicts, or at least to discourage its exercise." However, the submission of issues was not condemned. As stated above, the submission of issues in prosecutions under G.S. 49-2 is, as a practical matter, almost a necessity. Of course, if the question of paternity has been previously determined adversely to the accused, the case could well be tried solely upon the general issue of guilt.

We hold that a verdict upon the issues of paternity and nonsupport if resolved in favor of the State, is sufficient to support a judgment against defendant without a general verdict by the jury of guilty. This does not contravene the provisions of Art. I, §§ 11 and 13, of the Constitution of North Carolina, requiring trial and verdict by jury in criminal cases. "A special verdict is in itself a verdict of guilty or not guilty, as the facts found in it do, or do not, constitute in law the offense charged." *State v. Stewart,* 91 N.C. 566, 568. We emphasize, however, that we do not rule out the procedure outlined in *State v. Love, supra,* and cases tried in accordance with that procedure will not be held erroneous by reason of such procedure.

A special verdict is defective, however, if a material finding is omitted. Such verdict must find sufficient facts to permit of the conclusion of law upon which the judgment rests. *State v. Barber,* 180 N.C. 711, 104 S.E. 760; *State v. McCloud,* 151 N.C. 730, 66 S.E. 568; *State v. Bradley,* 132 N.C. 1060, 44 S.E. 122. Herein lies the defect in the verdict below. In order to support a finding of wilful nonsupport of an illegitimate child by the father, the State must prove beyond a reasonable doubt that the mother of the child, or under certain circumstances the director of public welfare, has, after the child was born and before the prosecution was commenced, made demand upon the father for support and after such demand and before prosecution the father wilfully neglected and refused to provide adequate support according to his means and condition and the necessities of the child. *State v. Perry,* 241 N.C. 119, 84 S.E. 2d 329; *State v. Sharpe,* 234 N.C. 154, 66 S.E. 2d 655; *State v. Thompson,* 233 N.C. 345, 64 S.E. 2d 157.

The nonsupport issue submitted to the jury in the instant case is: "Has the defendant . . . wilfully neglected and refused to support and maintain said illegitimate child . . .?" The affirmative answer to this

question does not supply the information as to whether demand was made or, if made, whether it was before or after the prosecution was commenced. The above issue should be compared with the second issue in *State v. Love, supra:* "Did the defendant wilfully fail to support the said child between the time of its birth on March 22, 1951, and April 22, 1951 (date of issuance of warrant), after notice and request for support?" See also *State v. Dixon*, 257 N.C. 653, 127 S.E. 2d 246. Even in *Love* and *Dixon* the issues might prove insufficient as special verdicts.

Because of the deficiency of the findings in the special verdict in the instant case there must be a new trial. There was sufficient evidence by the State on all aspects of the case to withstand defendant's motion for nonsuit and the motion was properly overruled. In fairness to the learned judge who tried the case below we point out that he instructed the jury, "If you answer the two (issues) Yes, then you would have found from the evidence beyond a reasonable doubt that the defendant is guilty as charged." But the evidence and the charge do not cure a defect appearing on the face of the record proper.

The paternity issue is sufficient and the affirmative answer thereto establishes the fact that defendant is the father of the child, Patricia Ann Pace. Defendant is not entitled to a new trial on this issue. *State v. Robinson*, 236 N.C. 408, 72 S.E. 2d 857.

We note that defendant was given a sentence of two years. Six months is the maximum sentence permitted by the statute. G.S. 49-8.

New trial.