## STATE v. N. W. GIBSON.

(Filed 21 November, 1956.)

**Parent and Child § 12: Criminal Law § 52b—**

In a prosecution of a father for abandonment and for nonsupport of his minor child, a peremptory instruction for the State is prejudicial error in depriving the defendant of his right to have the jury consider the essential element of wilfulness.

JOHNSON, J., not sitting.

APPEAL by defendant from *Crissman, J.,* April Term, 1956, of CABARRUS.

Criminal prosecution tried in the Cabarrus County Domestic Relations Court upon a warrant charging that in said County the defendant "on or about the 20th day of December 1955, did unlawfully, wilfully and maliciously abandon, fail and refuse to provide adequate support for his minor child, Lawrence Edward Gibson, age one month old, and the said defendant, N. W. Gibson, still refuses to provide adequate support for said minor child, . . ."

A plea of not guilty was entered. Defendant found guilty and sentence pronounced. He appealed to the Superior Court, where he was tried upon the original warrant. He entered a plea of not guilty; whereupon, a jury was sworn and impaneled to try the case. The jury returned a verdict of guilty, and from the judgment imposed the defendant appeals, assigning error.

*Attorney-General Patton and Assistant Attorney-General Bruton for the State.*

*Bedford W. Black and John Hugh Williams for defendant.*

PER CURIAM. The State concedes that assignments of error Nos. 12 and 13 present prejudicial error.

Assignment of error No. 12 is based on an exception to the peremptory instruction given to the jury as follows: "Now, members of the jury, the court charges you that if you find from the evidence the facts to be as all the evidence tends to show, it would be your duty to return a verdict of guilty in this case."

In *S. v. Hayden,* 224 N.C. 779, 32 S.E. 2d 333, this Court, in considering a similar instruction, said: "The court's instruction deprived the defendant of his right to have the jury consider the question of his willfulness as an issuable fact. . . . Rarely may a peremptory instruction be given to convict the defendant, if the jury finds the facts to be

as testified, in cases where the substance of the offense is willfulness or a specific intent is an essential element."

The 13th assignment of error is based on an exception to the following portion of the charge to the jury: "The court charges you that if you are satisfied from this evidence beyond a reasonable doubt that the defendant has abandoned this child and has failed to support the child, failed to do anything for it, . . . it would be your duty to return a verdict of guilty."

Likewise, in this portion of the charge the court inadvertently failed to include in the instruction the element of wilful abandonment and nonsupport. The burden was upon the State to show beyond a reasonable doubt that the defendant wilfully abandoned his child, without providing adequate support for such child. *S. v. Smith*, 241 N.C. 301, 84 S.E. 2d 913.

For the errors pointed out, there must be a

New trial.

JOHNSON, J., not sitting.