## STATE v. GEORGE L. JONES.

(Filed 29 March, 1961.)

**1. Bastards § 6—**

   Testimony of prosecutrix that defendant was the father of her child, that he admitted paternity, that he had contributed monies to prosecutrix for a short time and then continuously refused further support, notwithstanding that he was gainfully employed, is sufficient to be submitted to the jury on a charge of willful failure to support an illegitimate child.

**2. Bastards § 4—**

In a prosecution for willful failure of defendant to support his illegitimate child, the burden is upon the State to show beyond a reasonable doubt the element of paternity and the element of willfulness of the refusal to furnish support, and an instruction which places such burden of proof solely upon the element of paternity is prejudicial.

APPEAL by defendant from *Parker, J.*, October 31, 1960 Term, of LENOIR.

Defendant was tried on a bill of indictment which charged wilful failure to support his illegitimate child. From the verdict of guilty and a judgment based thereon defendant appealed.

*Attorney General Bruton and Assistant Attorney General Rountree for the State.*

*J. Harvey Turner for defendant appellant.*

PER CURIAM. The court properly overruled defendant's motion for nonsuit. The testimony of the mother that defendant was the father of the child, that he had admitted paternity, and had provided monies for her confinement and for the support of the child for a short time after birth, coupled with the testimony that defendant was gainfully employed and had been for several years, that requests had been made for the support of the child, that defendant had refused to pay anything, which refusal continued several months prior to the indictment, was sufficient to require submission of the question of his guilt to the jury.

Defendant is, however, entitled to a new trial. He excepts to the following portion of the charge: "The Court instructs you that in order to justify a verdict of guilty the State must satisfy you of two propositions: First, that the defendant is the father of the illegitimate child, Anthony L. Connor, and it must satisfy you of that fact beyond a reasonable doubt. Secondly, as being the father of this illegitimate child that he willfully failed and refused to provide adequate support for the child." This portion of the charge limits the duty of the State to establish guilt beyond a reasonable doubt to one element—paternity. It is as much the duty of the State to establish wilful failure to support by evidence showing that fact beyond reasonable doubt as it is to so establish paternity. *S. v. Cook*, 207 N.C. 261, 176 S.E. 757.

New trial.