STATE v. CARL WESTMORELAND.

(Filed 22 November, 1961.)

**Husband and Wife § 22;　Parent and Child § 8—**

In a prosecution for wilful abandonment of his wife by defendant without providing her adequate support and his wilful failure to provide adequate support for his children, an instruction which does not require a finding that defendant's acts were wilful in order to sustain the conviction, must be held for prejudicial error.

APPEAL by defendant from *Sink, E.J.,* June 1961 Term of RANDOLPH. Defendant was tried and convicted in the Recorder's Court of Ran-

dolph County on a warrant which charged (1) wilful abandonment of his wife without providing her with adequate support and (2) wilful failure to provide adequate support for his children. He appealed to the Superior Court where he was tried on the original warrant. From a verdict of guilty and judgment imposing prison sentence defendant appealed.

*Attorney General Bruton and Assistant Attorney General Jones for the State.*
*L. T. Hammond and J. Harvey Luck for defendant appellant.*

PER CURIAM. The criminal offenses charged are defined by statute, G.S. 14-322. By express language the abandonment and failure to support must be wilful to create criminal offenses. *S. v. Hall,* 251 N.C. 211, 110 S.E. 2d 868; *S. v. Gibson,* 245 N.C. 71, 95 S.E. 2d 125; *S. v. Lucas,* 242 N.C. 84, 86 S.E. 2d 770. The court, in charging the jury, made defendant's guilt turn on the adequacy of the support provided without requiring a finding that defendant acted wilfully. This omission of an essential ingredient of the crime entitles defendant to a
　New trial.