## STATE v. DAVID LEE DIXON.

(Filed 19 September 1962.)

**1. Bastards § 6—**

Nonsuit should be allowed in a prosecution for wilful refusal to support an illegitimate child when there is no evidence of notice to defendant or request for support, it being incumbent upon the State to show that the refusal or neglect to provide support was wilful.

**2. Bastards § 7—**

Instructions in a prosecution for wilful refusal to support an illegitimate child that if the jury should find that defendant was the father of the child and that demand had been made upon him for support, to answer the issue of the wilful refusal to support the child in the affirmative, must be held for prejudicial error, since the State has the burden of showing beyond a reasonable doubt that the failure to provide support was wilful.

**3. Bastards § 2—**

A prosecution of a defendant for wilful failure to support his illegitimate child may not be instituted and heard in a court of a justice of the peace. G.S. 49-7.

**4. Same—**

Prosecution of a male defendant for wilful refusal to support his illegitimate child must be instituted by the child's mother or, in the event the child is likely to become a public charge, by the Director of Public Welfare.

APPEAL by defendant from *Parker, J.*, April, 1962 Mixed Term, PITT Superior Court.

This criminal prosecution was instituted before C. A. Lilley, Justice of the Peace, on the affidavit of Lizzie Vines. The affidavit recited that on or about the 15th day of October, 1960, David Lee Dixon did unlawfully, wilfully and feloniously beget upon the body of Annie Doris Vines an illegitimate child, now the age of three weeks and has wilfully failed and refused to provide adequate support for said child and to pay doctor bills for the delivery of said child. The justice of the peace issued an order of arrest, returnable before himself immedi-

ately. After hearing, the justice concluded the defendant was guilty and required him to execute a bond to appear for trial "at the *County Court of Pitt County.*"

The *Pitt County Recorder's Court* tried the defendant upon the original warrant, found him guilty, and imposed judgment from which he appealed to the superior court. The superior court, still proceeding on the justice's warrant, submitted three issues to the jury:

> "1. Is the defendant, David Lee Dixon, the father of the illegitimate child, Bennie Louis Vines, begotten upon the body of Annie Doris Vines?
>
> "2. If so, has demand been made upon the defendant, David Lee Dixon, in accordance with the provisions of law for the support of said illegitimate child, Bennie Louis Vines?
>
> "3. If so, has the defendant, David Lee Dixon, wilfully failed and refused to support his illegitimate child, Bennie Louis Vines, begotten upon the body of Annie Doris Vines?"

"The jury retired and returned to the courtroom after having answered all three issues Yes. Judgment was entered on the verdict as follows: 2 years in jail, assigned to . . . the roads . . . suspended on the condition the defendant pay costs of court and $30.00 per month . . . for the use and benefit of Bennie Louis Vines." The defendant appealed.

*T. W. Bruton, Attorney General, James F. Bullock, Asst. Attorney General, for the State.*
*Roberts & Stocks, by Eugene A. Smith for defendant appellant.*

HIGGINS, J. The defendant assigns as error the refusal of the court to grant his motion for nonsuit renewed at the close of all the evidence. The motion to dismiss should have been allowed. The evidence fails to show any notice to the defendant or request for support. "In order to convict the defendant under the statute the burden was on the State to show not only that he was the father of the child, and that he had refused or neglected to support and maintain it, but further that his refusal or neglect was wilful, that is, intentionally done, 'without just cause, excuse or justification,' after notice and request for support." *State v. Hayden,* 224 N.C. 779, 32 S.E. 2d 333, citing authorities.

The defendant also assigns as error this instruction to the jury: "Now, the Court instructs you that if you answer the first issue yes and the second issue yes and upon a consideration of the third issue if you find the facts to be as all the evidence tends to show it would

be your duty to answer the third issue yes also; if you fail to so find you would answer it no."

The Attorney General concedes the above charge is erroneous and in conflict with *State v. Jones,* 254 N.C. 351, 118 S.E. 2d 908; *State v. Gibson,* 245 N.C. 71, 95 S.E. 2d 125; *State v. Hayden, supra; State v. Cook,* 207 N.C. 261, 176 S.E. 757. "It is as much the duty of the State to establish wilful failure to support by evidence showing that fact beyond reasonable doubt as it is to so establish paternity." *State v. Jones, supra.*

The Attorney General calls attention to certain deviations from statutory requirements as shown by the record: The affidavit initiating the prosecution may be made by the mother or the Director of Public Welfare, G.S. 49-5; *State v. Robinson,* 245 N.C. 10, 95 S.E. 2d 126. Neither the mother nor the Director of Public Welfare signed the affidavit. Sound reason appears why only the mother or her personal representative, or (under certain conditions) the Director of Public Welfare may initiate the prosecution. The mother as well as the father is liable for the support of the illegitimate child. In all likelihood the mother will continue to be its custodian. She may neither need nor desire any assistance or support from the father. The statute is so worded that she may decide whether to call upon the father for assistance. In the event she elects not to make the demand, her election will be respected unless the child is likely to become a public charge; then the Director of Public Welfare may proceed.

G.S. 49-7 provides that the proceeding may be instituted in the superior court or in any inferior court except courts of justices of the peace. This proceeding was instituted in and made returnable to the court of a justice of the peace. *State v. Robinson, supra.*

Finally, the record before us shows: "Verdict: Guilty of the charge of bastardy." "The only prosecution contemplated under this statute is that grounded on the willful neglect or refusal of a parent to support his or her illegitimate child." *State v. Robinson,* 236 N.C. 408, 72 S.E. 2d 857. The verdict will not support a judgment.

So defective is this record that the whole proceeding must be declared a nullity. However, the mother of the child or the Director of Public Welfare if the child is likely to become a public charge, may institute a proceeding before a proper court under G.S. 49-2 charging the defendant with the misdemeanor there defined. The Superior Court of Pitt County will enter an order arresting the judgment and dismissing the proceeding.

Remanded with direction to dismiss.